Verna J. **HUBER**, Plaintiff-Respondent,

v.

**Howard J. HUBER,**
**Defendant-Appellant.**

No. 47996.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 4, 1984.

Kennard B. Woods, Chesterfield, for defendant-appellant.

Love, Lacks, McMahon & Paule, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a Dissolution of Marriage proceeding. Howard J. Huber appeals the distribution of marital property, the awarding of insurance policies to his wife Verna, the denial of maintenance and the award of attorney fees. We affirm.

The parties were married on August 18, 1945. Five children, all emancipated, were born of the marriage. At the time of the dissolution hearing, appellant was not employed. He had last been employed as a machinist in 1981. Appellant suffers from diabetes, a heart problem, a bad back and leg problems. He is receiving social security disability benefits of five hundred fifty-one dollars per month and VA disability benefits of sixty-two dollars per month. He sought maintenance.

Respondent, as of the hearing, was suffering from degenerative arthritis in the left knee, high blood pressure and was receiving medical advice for nerves. She was employed by Southern Comfort earning a net income of approximately one thousand sixteen dollars a month. She did not seek maintenance.

Additional evidence adduced that appellant had been friends with another woman since 1940. In 1951 or 1952, appellant fathered a child by her. On the date of the child's birth, he informed his wife about the relationship. When the parties separated,

appellant moved to Illinois and stayed at a boarding house operated by the woman's aunt. He was served with summons and the petition for dissolution at the residence of the woman, although he denied ever having lived with her. .

Appellant's first point alleges abuse of trial court discretion in dividing the marital property so that respondent received approximately sixty three percent of the property and he received only thirty seven percent.

■ Section 452.330 only requires a just and equitable division of marital property. Moreover, the circuit court is vested with broad discretion in determining how and in what manner the property and debts should be divided. *Metts v. Metts*, 625 S.W.2d 896 (Mo.App.1981). We will not reverse absent a clear showing of abuse of discretion.

■ Marital misconduct is one of the express statutory factors to be considered by the trial court in its division of marital property. Section 452.330.4. Reviewing the evidence in accord with the trial court's ruling, the evidence showed that appellant fathered a child out of wedlock while respondent was six month's pregnant. Even though appellant denied having had sexual relations with the woman subsequent to 1952, the circuit court was not required to believe or accept his testimony. This is particularly true in light of appellant's response to respondent's interrogatories. Appellant admitted giving incorrect answers concerning his previous affair. Further, this was not appellant's only change of testimony before the court. On December 9, 1982, the date of separation, appellant moved into a boarding house owned by the woman's aunt. He testified that he paid forty dollars a week for this room. However, appellant's income and expense statement, previously filed under oath, only showed a cost of eighty dollars per month. Lastly, appellant was served by the sheriff at the other woman's residence.

In any case, the circuit court reasonably could have found and concluded that wife was entitled to a disproportionate share of the marital property. Respondent had substantially contributed to its acquisition through employment in addition to her services as a mother and homemaker. Under the totality of the circumstances, the court's division of marital property and allocation of the debts does not constitute an abuse of discretion. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Appellant's second point contends the trial court erred in awarding respondent the life insurance policies on his life because respondent no longer has an insurable interest. Appellant argues this award violates public policy and constitutes a wagering contract in violation of § 377.080 RSMo 1978.

■ It has long been held that it does not violate the law or public policy for one to procure an insurance policy on his own life and assign it to another who has no insurable interest so long as the transaction is not a cover for a wagering policy. *Lakin v. Postal Life and Casualty Insurance Co.*, 316 S.W.2d 542 (Mo.1958). *Butterworth v. Mississippi Valley Trust Co.*, 240 S.W.2d 676 (Mo.1951). In the case at bar, all of the policies awarded to respondent were acquired during the marriage. The policy premiums were paid as a result of the joint efforts of the parties, including respondent's employment. None of the policies were obtained as a cover to hide a wagering contract. The trial court did not err in awarding respondent the life insurance policies on appellant's life.

■ Appellant next appeals the denial of maintenance. The trial court has broad discretion in the award of maintenance. *In Re Marriage of White*, 601 S.W.2d 644 (Mo.App.1980). The evidence presented at the hearing showed respondent earned approximately one thousand dollars per month. Appellant earned six hundred dollars per month. Additionally, his disability had been reduced from one hundred percent disabled to ten percent disabled. We find no abuse in the court's denial of maintenance.

Lastly, appellant complains of error in the award of attorney's fees to respondent. Appellant's sole source of income was his social security and veteran's benefits. These benefits enable appellant to meet his usual monthly obligations. Respondent, on the other hand, remains employed. Upon complete analysis of the parties' relative means, we find the trial court's award of attorney's fees was erroneous. The award of attorney's fees is reversed and vacated.

Judgment affirmed in part and reversed in part.

GAERTNER and KAROHL, JJ., concur.