In re the MARRIAGE OF Ray L. MAY and Joyce A. May.

Ray L. MAY, Petitioner-Respondent,

v.

Joyce A. MAY, Respondent-Appellant.

No. 14029.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 16, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 30, 1985.

Donald Rhodes, Bloomfield, for petitioner-respondent.

Jeffrey P. Hine, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for respondent-appellant.

PER CURIAM.

Appellant Joyce A. May appeals from a decree of dissolution of marriage. She contends that the trial court abused its discretion in: (a) denying her periodic maintenance; and (b) dividing the parties' marital property. This is appellant's second appeal. After the first appeal, the decree was set aside in part and the matter remanded back to the trial court for further consideration. See *In re Marriage of May*, 664 S.W.2d 20 (Mo.App.1984).

Appellant's first point states that she should have received periodic maintenance. Section 452.335.1, RSMo 1978, provides that maintenance may be ordered if the court finds that the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

■ The parties were married on February 8, 1957, and separated on June 4, 1980. Two children born of the marriage were emancipated before the dissolution suit was filed. During the marriage, except for a period of one-and-one-half years while appellant was employed as a seamstress, appellant worked in the home as a housewife and mother. Although there was some indication in the evidence that appellant might be able to work part-time as a seamstress, it was undisputed that she is unable to fully support herself through employment and has insufficient property to meet her reasonable needs. The only evidence on appellant's living expenses were that they were approximately $1,000 per month.

Respondent attempts to justify the trial court's decision not to grant appellant maintenance because he was unemployed. Respondent contends he has been laid off and at the time of trial had not been able to find employment. His evidence is certainly suspect. In its decree, the trial court stated:

> "The Court further finds that the Petitioner is a healthy able-bodied man trained in several different trades and has, during the pendency of this divorce, produced substantial annual income and can produce substantial income in the future."

Tax returns of prior years show that respondent earned as much as $31,000 per year from his job as a car salesman. With respondent's skills and his past record of earnings we think it unlikely that his unemployment will continue unless he believes it to be to his advantage. Considering § 452.335.2, RSMo 1978, and various cases in Missouri on maintenance, we determine that the trial court erred in not granting periodic maintenance to appellant. See Krauskopf, Maintenance: A Decade of Development, 50 Mo.L.Rev. 259 (1985). We believe that appellant should have received at least $350 in monthly periodic maintenance.

Considering the cash which respondent was ordered to pay to appellant prior to the trial and certain other expenses of appellant as having been paid from marital assets, as respondent claims, appellant received marital property valued at $49,774 and respondent received property valued at $48,931. Under the circumstances we cannot say that the division of property was improper.

The judgment recites, "4. Petitioner [Ray L. May] shall pay to Respondent [Joyce A. May] the sum of Seven Thousand Five Hundred Dollars ($7,500.00)". The judgment has no other reference to the $7,500 and does not set forth whether it was to be considered as part of the property division or as maintenance. Appellant asks that the undesignated $7,500 be designated as "maintenance in gross". In oral argument respondent's attorney stated that the trial court obviously intended that the $7,500 payment be maintenance in gross. It will be so designated.

It is this court's obligation to enter the judgment which should have been entered by the trial court, *Tygett v. Tygett,* 639 S.W.2d 282, 285 (Mo.App.1982); Rule 84.14.

The judgment is modified to provide that appellant Joyce A. May is to receive maintenance in the amount of $350 a month, to be effective and payable beginning on the 15th day of October 1984, the date judgment was entered in the trial court, see *In re Marriage of Runez,* 666 S.W.2d 430, 434 (Mo.App.1983), and a like amount is to be payable every month thereafter on the 15th day of the month. The judgment is also modified so that the paragraph numbered 4, set forth above, shall hereafter read as follows: "4. Petitioner Ray L. May shall pay to Respondent Joyce A. May the sum of Seven Thousand Five Hundred Dollars ($7,500.00) as maintenance in gross." As so modified, the judgment is affirmed.

All concur.