**Doris J. SQUIRES, Respondent,**

v.

**Benjamin R. SQUIRES, Appellant.**

**No. WD 38864.**

Missouri Court of Appeals, Western District.

Aug. 11, 1987.

Rehearing Denied Sept. 1, 1987.

Roger P. Krumm, Fulton, for appellant.

Milton B. Garber, Fulton, for respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

PER CURIAM:

The trial court dissolved the marriage of Doris J. and Benjamin R. Squires, granting custody of the couple's unemancipated daughter to the wife and ordering the husband to pay $225 a month for child support and $500 a month for maintenance. On appeal the husband seeks a reduction in maintenance.

The decree is modified and affirmed as modified.

During the Squires' thirty-two year marriage, the wife cared for the home and the couple's four daughters. At the beginning of the marriage, the wife worked in an office, but quit working when her first child was born. Toward the end of the marriage, she did babysitting in the home, earning $75 a week. During the separation, the wife and the minor daughter lived in the family home. Their living expenses, excluding mortgage payments, amounted to approximately $1,500 a month. The wife did not plan to live in the family home after the dissolution and admitted that her expenses would be less.

The husband's annual wages from his job as a carpenter at William Woods College totaled $25,561. His monthly take-home pay amounted to $1,672. Pursuant to a court order, the husband paid $500 a month in temporary maintenance and $225 a month in temporary child support. While separated, the husband lived in an apartment and had additional monthly expenses exceeding $1,700. After the dissolution,

the husband planned to sell the family home.

The couple's joint property included the family home in Fulton, a three-bedroom cabin at the Lake of the Ozarks, life insurance policies, and promissory notes. The family home was appraised at $148,000, but was encumbered with a $108,000 mortgage. During the separation, the couple had placed the house on the market and had received a $130,000 purchase offer. The appraisal value of the lake property was $48,000. The cash surrender value of the life insurance policies amounted to $7,700. The couple acquired the promissory notes from the sale of their farm and later pledged them as security for a $117,000 loan from the Callaway Bank. The semi-annual payments from the notes brought in $36,000 a year. However, most of the proceeds were applied to the bank loan. Of the $14,000 September payment, the couple actually received $3,600, which they agreed to divide equally.

After the trial court took the case under advisement, the couple reached a settlement regarding the division of property. Under the terms of that agreement, the wife was to receive from the husband $36,-000 cash for her interest in the real property and $3,850 cash for her interest in the life insurance policies. The husband agreed to assume the mortgage on the family home. The agreement provided that the couple would divide equally the proceeds from the promissory notes. The couple stipulated to the division of other property, including motor vehicles, personal items, household goods, and tools.

In the decree of dissolution, the trial court found the couple's stipulated property division to be fair and not unconscionable and incorporated the stipulation into the decree. In addition, the trial court ordered the husband to pay monthly child support of $225 and monthly maintenance of $500.

The husband argues that the trial court's award of maintenance was excessive. On appeal the husband seeks a reduction in monthly maintenance from $500 to $50. The husband contends that, in awarding maintenance, the trial court failed to consider that investment income from the cash included in the wife's share of the marital property could be used to defray her living expenses. According to the husband, the identical amount awarded for both temporary and permanent maintenance indicated that the trial court neglected to make the appropriate statutory determinations. The husband further maintains that the record established his financial inability to pay maintenance and to provide for his own needs.

In determining the amount of maintenance, the trial court is required to consider all relevant factors, including the marital property apportioned to the spouse seeking maintenance and the ability of the other spouse to pay the award. Section 452.335.2 RSMo.1986. The trial court is vested with substantial discretion in awarding maintenance, but is not required to meet all of the needs of the spouse receiving the award. *Stoerkel v. Stoerkel*, 711 S.W.2d 594, 596 (Mo.App.1986). An award of maintenance should not exceed the husband's capacity to provide. *Weiss v. Weiss*, 702 S.W.2d 948, 956 (Mo.App.1986).

After reviewing the record and considering the statutory factors, this court finds that the trial court abused its discretion in awarding excessive maintenance. The record reveals that the husband cannot afford to pay monthly maintenance of $500 and provide for his reasonable needs. The money available is not enough to provide for all the needs of both parties. For financial survival, the parties must turn, out of necessity, to their individual shares of the marital property. In this regard, the wife occupies the superior economic position. The wife's share included cash, which has income-producing potential; while the husband's share included debt-encumbered real estate.

This court is obligated to enter the judgment which should have been entered by the trial court. *In re Marriage of May*, 703 S.W.2d 61, 63 (Mo.App.1985), Rule 84.-14. The portion of the decree awarding the wife monthly maintenance of $500 is modified by reducing that amount to $300 a month.

The decree is modified and affirmed as modified.