**Diane TUCKER, Appellant,**

v.

**David TUCKER, Respondent.**

**No. WD 41289.**

Missouri Court of Appeals,
Western District.

July 18, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Craig A. Van Matre, Columbia, for appellant.

Roger P. Krumm, Fulton, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Diane Tucker, appeals from a judgment of the trial court dissolving her marriage to respondent, David M. Tucker.

The parties were married on August 12, 1978, in Austin, Texas. Two children were born during the marriage: Seth Thure Tucker, born August 2, 1982, and Allison Kathleen Tucker, born April 24, 1986. During the course of their marriage the parties moved frequently primarily because respondent was furthering his education in clinical psychology. Prior to the marriage appellant taught at a high school in Austin, Texas, and continued to do so during the first year of the marriage, 1979. The parties then moved to Athens, Georgia, where respondent entered a graduate program at the University of Georgia to work towards a Ph.D. and become a clinical neuropsychologist. Appellant worked in the Undergraduate Admissions Office at the University of Georgia. In 1979, appellant earned approximately $10,000 and respondent earned $6,500. In 1980 appellant earned $7,700 and respondent earned $4,866. Appellant maintains that her earnings during this time were contributed to the parties general living expenses and were used partially to support respondent while he studied.

In 1981 the parties moved to New Haven, Connecticut, because respondent was offered an internship at West Haven Veterans' Administration Hospital. Appellant held two jobs until the birth of the parties' son. At that time she took a leave of absence and subsequently returned to work for about one year after the child was born.

In 1982 the parties moved to Georgia so that respondent could complete his work toward a Ph.D. degree, which he received in 1983. Appellant was employed outside the home while respondent pursued his education for the first five years of the marriage. Her income exceeded respondent's for each of these years.

The parties moved to Columbia, Missouri, in July, 1983, where respondent became employed full time. Currently, respondent is a tenure track faculty member employed by the University of Missouri. He is a Clinical Psychologist with a specialty in Clinical Neuro Psychology. He teaches graduate students, medical students, interns, residents and post-doctorate fellows at the University Medical School.

Appellant holds a Masters Degree in Curriculum and Instruction in Education. She has not been employed as a teacher since at least 1983. At one time appellant was certified to teach in Texas but her teaching certification has lapsed. At the time of the hearing appellant was not certified to teach in Missouri.

Appellant has made several allegations of misconduct on behalf of respondent, namely that respondent engaged in extramarital affairs and abused marijuana during the course of the marriage.

Pursuant to the divorce decree appellant was awarded custody of the parties' two minor children. Respondent was awarded reasonable rights of visitation provided he does not smoke marijuana during or 48 hours prior to the visitation. "Reasonable visitation" was defined by the trial court to be at a minimum every weekend from 5:00 p.m. on Friday until 8:00 a.m. on Sunday with certain exceptions. Respondent was also granted four weeks visitation during the summer school vacation.

Respondent was ordered to pay child support in the amount of $350.00 per month per child and was directed to provide medical and dental insurance for the children. Appellant was awarded maintenance of $500 per month for a period of 12 months.

Appellant was awarded the marital home valued at $77,000. She was ordered to pay the mortgage indebtedness on said home in the amount of $71,265.78 and to hold respondent harmless with respect to that debt. Appellant was also awarded a 1986 Plymouth Voyager Mini–Van valued at $11,000 and encumbered in the amount of $11,900. Appellant was ordered to pay this debt and hold respondent harmless thereon. Also awarded to appellant were the household goods with certain exceptions. She was awarded attorney's fees in the amount of $1,500.

Respondent was awarded several items of personal property such as a VCR, microwave, patio furniture and a 1985 Audi automobile valued at $9,750 and subject to a $5,000 encumbrance which respondent was ordered to pay.

Appellant presents six points on appeal. Initially, it is noted that the decree of dissolution of the trial court will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* When determining the sufficiency of the evidence an appellate court will accept as true the evidence and inferences from the evidence that are favorable to the trial court's decree and disregard all contrary evidence. *Morgan v. Morgan,* 701 S.W.2d 177, 179 (Mo.App.1985).

■ In her first point appellant charges error in the trial court's failure to grant her permanent maintenance. She maintains that the record clearly establishes that her needs and lifestyle demand an award of permanent maintenance because she lacks sufficient property to provide for her reasonable needs, she is unable to support herself and her children, she enjoyed a comfortable lifestyle during the marriage, she is burdened with substantial debts, respondent has ample resources, she has made substantial contributions to the marriage and respondent was guilty of marital misconduct.

Appellant cites to § 452.335.2, RSMo 1986, which sets forth guidelines for the providing of maintenance in dissolution actions. According to appellant, a review of the factors listed in the statute clearly favors an award of permanent maintenance. This court disagrees.

Pursuant to § 452.335, the trial court is given wide latitude in decreeing spousal maintenance. *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 800 (Mo.banc 1983). After considering all of the factors set forth in the statute, the court must undertake not only to set the amount payable if support is to be ordered, but to determine for what period the payments should be made. *Id.* Justice does not require provision of support to a spouse who is or may be prepared to become self-supporting. *Id.* (citation omitted). Furthermore, if there is any rational basis to support the trial court's determination to limit maintenance, that decision should be affirmed. *Hutchins v. Hutchins,* 687 S.W.2d 703, 706 (Mo.App. 1985) (citations omitted).

In awarding maintenance the trial court found that "[Appellant] is now unemployed, but is a teacher by profession and physically able to work and that neither of the minor children's condition or circumstances are such that make it appropriate that [appellant] not be required to seek employment outside the home."

A review of the record clearly indicates that the trial court's limitation on maintenance is supported by substantial evidence. Appellant has a Master's Degree in Curriculum and Instruction in Education. She is qualified to enter the job market as a teacher, should she choose to become certified in Missouri. Because appellant is capable of supporting herself through appropriate employment and there is substantial evidence to support the limited award of maintenance, point I is denied.

■ In point II, appellant takes issue with the trial court's award of child sup-

port claiming that $350.00 per month per child is unreasonably low.

The trial court is vested with broad discretion in establishing child support and unless there is a showing of an abuse of discretion or an erroneous application of the law its findings will not be disturbed. *Oberkrom v. Oberkrom*, 608 S.W.2d 449, 450 (Mo.App.1980). The appellant carries the burden of demonstrating error in making the support award. *Id.*

In the statement of Income and Expenses filed by appellant she indicated that her total monthly expenses *excluding* day care for the two children as $655.00. Appellant indicated that a total of $400 would be required each month for day care for the children. She argues that the award of $700 total per month is grossly inadequate and that she needs $1,000 per month so that she can be employed outside the home and pay for day care services.

Appellant overlooks the fact that she may be required to bear some of the burden of support in one form or another where, as here, it is appropriate to do so. The trial court was under no obligation to require respondent to pay for all of the children's support. *In re Marriage of D.M.S.*, 648 S.W.2d 609, 613 (Mo.App.1983). Although appellant's financial situation, at this time, is hardly equal to respondent's, it cannot be said that the trial court erred in expecting her to make some contribution to the children's support. *See Id.*

■ In point III appellant claims that the trial court erred in denying her motion to move to Texas and take the children. She argues that moving to Texas would be in the best interest of the children because she has better employment opportunities in Texas, both she and respondent are from Texas and have several family members there and respondent's visitation rights would not be unduly inconvenienced.

It must be kept in mind that the paramount concern in custody matters is the "best interests of the child." § 452.375.2. Removal from Missouri is one factor which may be considered in determining what is in the best interests of a child. *K R (S ) D v. C D S* , 646 S.W.2d 428,

431 (Mo.App.1983). It can be a decisive factor where the effect of the move will be to deprive the child of desirable contact with the noncustodial parent. *See Id, In re Marriage of Dusing,* 654 S.W.2d 938, 942 (Mo.App.1983).

The facts herein indicate that respondent is a very active participant in the parenting of his children. The best interests of the children are best served by continued interrelationship with both parents. *Samuels v. Samuels,* 713 S.W.2d 865, 868 (Mo.App.1986). Obviously, the trial court took this premise and applied it to the facts involved herein and concluded that the denial of appellant's request to move to Texas would not be in the best interests of children. The decision of the trial court to deny appellant's motion was supported by the record and need not be disturbed herein. Point III is denied.

■ In point IV appellant alleges that the trial court erred in ordering her to make monthly mortgage payments and automobile payments on marital debts assigned to her and in ordering appellant to hold respondent harmless with respect to said debts.

Section 452.330, RSMo 1986, only requires a just and equitable division of marital property. The circuit court is vested with broad discretion in determining how and in what manner the property and debts should be divided. *Huber v. Huber,* 682 S.W.2d 493 (Mo.App.1984). Absent a clear showing of abuse of discretion, the decision of the trial court will not be disturbed on appeal.

Review of the record does not indicate that any abuse of discretion has occurred with regard to the payment of the complained of debts. Appellant seems to be of the opinion that she should have been placed in a self sufficient position by the trial court's decree. She further argues that she is in no position to take on these debts because she is not currently employed and that respondent is much more capable of assuming these debts. Appellant, however cites no authority for the proposition she seems to argue, that being

she should be placed in a self sufficient position by way of the divorce decree.

As previously stated, appellant is capable of becoming employed and qualified to enter the job market and become self supporting. Therefore, it cannot be said that the trial court abused its discretion in ordering appellant to assume responsibility for the above mentioned debts on the property awarded to her and to hold respondent harmless thereon. *See, Cain v. Cain,* 536 S.W.2d 866, 876 (Mo.App.1976).

■ In point V appellant argues that the trial court erred in granting respondent liberal child visitation rights and contends that the visitation is much more extensive than the law requires. Therefore, appellant believes that the decree should be modified to significantly decrease respondent's visitation rights.

There is absolutely nothing in the record to support appellant's assertion in this regard. Contrariwise, there is ample evidence to indicate that respondent is a caring, loving parent. The trial court acted properly in following the Missouri policy to encourage the continued interest, love and affection of divorced parents for their children and to afford children ample opportunity for close contact with both parents. *Leimer v. Leimer,* 715 S.W.2d 310, 313 (Mo.App.1986). The best interest of the children herein will be served by the trial court's grant of liberal visitation to respondent. Appellant makes much of respondent's past use of marijuana and claims that during visitation there is no guarantee that respondent will not abuse the drug in the presence of the children. Significantly, respondent denied appellant's allegations and the trial court, obviously chose to believe him and to disbelieve appellant as it is free to do. The decree forbids respondent from using marijuana during or 48 hours prior to said visitation. There is nothing to suggest that the visitation schedule will endanger the children's physical health or impair their emotional development. Point V is denied.

■ In her final futile attempt, appellant charges error with respect to the portion of the trial court's decree concerning the providing of insurance by respondent. She argues that the decree is unacceptably vague because it fails to specify under which plan of insurance the children should be insured and because the decree failed to require respondent to provide insurance for her.

Appellant cites no authority for this proposition but, as has been the case throughout, merely makes an assertion regarding what seems to be her opinion of what the trial court should have done. This is a wholly insufficient basis to overturn the decision of the trial court. Point VI is denied.

Appellant has totally failed to present any legitimate basis for overruling the judgment of the trial court, said judgment being clearly based upon substantial evidence and consistent with well established legal principals. Finding no error on behalf of the trial court for any of the reasons advanced by appellant, the trial court's judgment is affirmed.

All concur.