Dennis A. HENLEY,
Petitioner–Appellant,

v.

Lisa Jean HENLEY,
Respondent–Respondent.

No. 57658.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 11, 1990.

Michael P. Shea, St. Charles, for petitioner-appellant.

Michael A. Turken and Leslie A. Broome, St. Charles, for respondent-respondent.

KAROHL, Judge.

Husband appeals after trial court dissolved six year marriage. He contests the award of rehabilitative maintenance and attorney's fees for wife.

The parties were married in 1983. Upon husband's initiative they separated in 1989. Husband petitioned for dissolution. Wife filed a cross-petition. No children were born of the marriage.

At the time of trial husband was thirty-seven years of age. He was employed in the State of Maryland with a base salary of $46,000 per year. In addition, over a three year period, he received an annual bonus of $8,000 to $17,000. He lived in Maryland where he provided a home for himself, a friend and her child. Wife was employed part-time as a clerk doing general office work. Her work hours varied but her salary was constant; she grossed $275 per week.

Wife testified she planned to return to nursing school as a full-time student. She wanted a college degree in nursing. She was admitted to a college in Georgia. Her school expenses would be $1,200 for each quarter. She also testified that her day-to-day living expenses would require an additional $1,350 per month.

The court awarded each party approximately one-half of the marital assets. Wife received approximately $41,000 in cash and $8,000 in personal property. The court determined wife was not capable of supporting herself considering all the factors contained in § 452.335 RSMo 1986, and was in need of rehabilitative maintenance. It found: (1) the parties standard of living established during the period of the marriage was one of high quality; (2) wife is under the care and treatment of a psychiatrist for emotional conditions "as a result of the dissolution of marriage"; (3) husband's income is substantial and lucrative; and (4) wife indicated a desire to attend nursing school and complete her education by obtaining a nursing degree within three years which would require wife to be a full-time student with "no time or availability for employment."

The provisions of the decree relevant to husband's appeal are:

[REHABILITATIVE] MAINTENANCE:

It is therefore the Order of the Court that Petitioner pay to Respondent the sum of $400.00 per month as and for educational expenses for a period of three (3) years, payment conditioned upon Respondent being a full-time student maintaining a C grade average. Respondent shall provide Petitioner with verification on her enrollment as a full-time student, copies of all grade reports, academic notices, and all notices of withdrawal from courses or school during the three (3) year period. It is additionally

the Order of the Court that Petitioner pay to Respondent the sum of $836.00 per month in addition to the educational expenses representing seventy-five percent (75%) of her monthly living expenses; that said sum shall be payable for a period of three (3) years as rehabilitative maintenance and it is the Court's position that said sum shall be modifiable.

\*   \*   \*   \*   \*   \*

ATTORNEY'S FEES: It is the Court's belief that because of Petitioner's superior financial position, that he is ordered to pay to Respondent's attorney, Michael A. Turken, the sum of $2,000.00 as and for a portion of Respondent's attorney's fees incurred herein, said sum to be impressed with a lien in favor of Cundiff, Turken & Londoff.

Husband now claims the trial court abused its discretion in awarding wife rehabilitative maintenance in the amount ordered. Particularly, the claim is: "THE TRIAL COURT'S FINDINGS ARE NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND ARE AGAINST THE WEIGHT OF THE EVIDENCE IN THAT THE EVIDENCE DEMONSTRATED THAT RESPONDENT HAD EARNING ABILITY, RESPONDENT WAS AWARDED SUBSTANTIAL INCOME PRODUCING MARITAL PROPERTY AND RESPONDENTS [sic] REASONABLE NEEDS WERE MET."

■ Husband testified he was not opposed to rehabilitative maintenance for wife to finish nursing school. During direct examination by his own attorney, husband was asked if he was "willing to make any type of payment of maintenance to her for any period of time?" He testified, "I would pay for her schooling," for "the time it takes for her to finish it up, to the thirty-six (36) month duration." Husband anticipated wife would continue to work and go to school locally. He estimated wife would require only three to four hundred dollars per month. However, wife testified she preferred to complete her schooling as a full-time student in Georgia. Wife's plan required support in the amount

awarded by the court. Husband's testimony constituted evidence that the rehabilitation plan was reasonable. Her testimony, accepted by the trial court, constituted substantial evidence of need.

■ The amount awarded as rehabilitative maintenance was within the financial means of husband. By husband's evidence his income exceeded his expenses by approximately the amount of the limited, conditional and modifiable award. Husband's claim that wife should be responsible for her expenses to the extent of income from her share of marital property was satisfied by the decree which required husband to pay only seventy-five percent of wife's living expenses. Her additional expenses must come from investing her share of marital property because wife will be a full-time student without the benefit of employment income.

The award of rehabilitative maintenance is supported by substantial evidence, is not against the weight of the evidence, and properly follows the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Eatherton v. Eatherton*, 725 S.W.2d 125, 128 (Mo.App.1987). Point denied.

■ Husband also claims error in the award of attorney's fees because wife's ability to pay is equal to husband's, and the award results in a disproportionate division of marital property. The record fails to support a finding that the trial court failed to follow the provisions of § 452.355 RSMo 1986. We find no abuse of broad discretion by trial court in determining and awarding attorney's fees for wife. Such awards are within the discretion of the court. *Newman v. Newman*, 717 S.W.2d 568, 570 (Mo. App.1986).

Wife's attorney testified he performed services having a value of approximately $2,500. The court awarded $2,000 attorney's fees to wife. Wife's ability to pay attorney's fees is not equal to that of husband unless she uses part of the funds received as her share of marital property. This would decrease the amount of investment income available for educational expenses. The evidence supports the finding

by the court that husband has greater ability to pay wife's attorney's fees. Under the circumstances, including wife's plan to return to school and husband's agreement with the plan, it was not required that wife prove she was unable to pay attorney's fees in order to have an award. *Golleher v. Golleher,* 697 S.W.2d 547, 551 (Mo.App. 1985). Point denied.

■ Husband's final claim of error is the court permitted testimony of wife's medical condition in the form of hearsay evidence, and received a medical report regarding wife which was prepared and submitted to the court after the close of evidence. If it was error to permit medical evidence regarding wife's health, either during testimony or in the medical report submitted after the close of the evidence, we find no prejudice in the award of rehabilitative maintenance or attorney's fees. These are the only provisions of the decree under attack. We reject these claims of error as support for a limited remand "as to maintenance and attorney's fees" as requested by husband. The evidence was not prejudicial on these awards.

First, in a court tried case admission of evidence, even if erroneous, is hardly ever grounds for reversal. *Mansell v. Mansell,* 583 S.W.2d 284, 287 (Mo.App.1979). This is particularly true where the provisions of the decree of dissolution are supported by substantial evidence before the trial court without objection. In the present case husband agreed with the concept of rehabilitative maintenance and the amount of the award was within husband's ability to pay for a period not exceeding his own projection.

The court expressly found wife had certain physical and emotional conditions resulting from the dissolution proceeding. However, it made no findings from the allegedly hearsay evidence regarding a suspected cancer condition, evidence of which may have been relevant to a decision rejecting a limitation on maintenance. But no permanent maintenance was awarded. The trial court must have decided permanent maintenance was unnecessary. The provisions for rehabilitative maintenance and at-

torney's fees did not depend on evidence wife was seriously ill. In fact, the letter from wife's doctor prepared after trial was not unfavorable to husband's position. Husband was not prejudiced by the evidence regarding wife's medical care, if erroneously admitted.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.