Thomas H. RYAN, Petitioner/Appellant,

v.

Isabelle J. RYAN,
Respondent/Respondent.

No. 58894.

Missouri Court of Appeals,
Eastern District,
Division One.

June 4, 1991.

Sestric, Korum & Weems, Mary Ann Weems, Clayton, for petitioner/appellant.

Mertz, Stern & Frapolli, Michael B. Stern, St. Louis, for respondent/respondent.

KAROHL, Judge.

Husband appeals from decree of dissolution which dissolved the parties' twenty-eight year marriage. Two children born to the parties were emancipated before the dissolution. Husband contests the property division, the award of $300 per month maintenance and the award of $2,000 attorney's fees for wife. We affirm the property division and the award of attorney's fees. We also affirm the award of maintenance but remand the cause to the dissolution court with directions to reduce the amount of the award to a nominal sum.

The parties were married on October 20, 1962. Upon husband's initiative they separated on May 4, 1989. Husband petitioned for dissolution. Wife filed a cross-petition.

On July 20, 1990, the court dissolved the marriage. It awarded wife the house, the furniture, an automobile and her pension plan. The court ordered wife to pay the first mortgage on the house. The court awarded husband an encumbered automobile, household goods and personal property in his possession, his retirement funds, an insurance policy, as well as recreational vehicles and trailers. It ordered husband to pay the second mortgage on the house, assume all other marital debts, and pay wife $300 per month maintenance, $2,000 as attorney fees, $209.80 for deposition fees and $1,300 reimbursement for money obtained from sale of an insurance policy.

■ Husband alleges the dissolution court erred in awarding maintenance because:

(a) It awarded wife 91% of the equity value from the marital estate;

(b) Wife's income is comparable to, if not in excess of husband's;

(c) It ordered husband to pay nearly all of the marital debts;

(d) Wife's physical condition did not prevent her from working;

(e) Both parties engaged in misconduct; and

(f) Husband does not have the ability to meet his needs and pay maintenance.

At the time of trial, wife was fifty-one years of age. She was employed by the federal government as a payroll technician for the Aviation Systems Command since 1981. Wife worked throughout the marriage. In 1983 she was diagnosed as being afflicted with multiple sclerosis. Her physician certified her as permanently disabled in 1985. Wife operates computers, a typewriter and an adding machine in the performance of her work. When wife experiences shaking of her body, she is unable to operate these machines. Wife takes medication to help the paralysis in her left leg and right arm. However, at times she is barely able to move and sometimes she uses a cane to walk.

According to wife's statement of income and expenses, wife grosses $1,603 per month. Wife nets $1,432 per month after payroll taxes of $171 are deducted. To wife's claimed expenses of $2,324.30, we

add $4.07 life insurance and $47.06 health insurance expenses withheld by employer, subtract the $123 second mortgage payment included in her statement which husband is obligated to pay, and subtract $400 claimed for support of an adult child wife is not legally obligated to support. Wife's expenses, as adjusted, total $1,801.30 and exceed her income by $369.30 per month.

Husband is a self-employed general insurance agent who represents a number of different companies. According to husband's statement of income and expenses, he grosses $1,691 per month and nets $1,235 per month after taxes. To husband's claimed expenses of $2,884, we add the $123 second mortgage payment. Husband's stated expenses are reduced by items he no longer will incur: $25 homeowner's insurance, $38 wife's car insurance and $531 first mortgage payment wife is obligated to pay. We note husband claimed his $200 automobile loan payment twice and subtract this amount once. Thus, husband's adjusted expenses total $2,213 and exceed his income by $978.

The trial court faced the all too familiar scenario where both parties lack sufficient income to provide for their claimed expenses. *See* § 452.335.1 RSMo Cum.Supp. 1990. However, husband is not seeking maintenance from wife. He contends the court erred in awarding wife $300 per month maintenance. We agree the amount of the award is excessive. Husband must pay his own living expenses and approximately $1,763 per month on marital debts. Husband does not have the ability to meet his minimum needs while complying with the decree. *See* § 452.335.2(8) RSMo Cum. Supp.1990. The award of $300 per month maintenance is against the weight of the evidence and does not properly follow the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The parties agree wife is disabled. As husband aptly argues in his brief:

There is no evidence that [wife's] physical condition at the present time justifies an award of maintenance. While [husband] recognizes that if [wife's] physical condition significantly changes, thus preventing [wife] from working to the capacity she presently attains, then at some future point it may be appropriate to award [wife] maintenance. However, that point is both futuristic and speculative, and the Court's award of maintenance is not just considering the present condition of [wife].

The dissolution court found:

[Wife] is afflicted with multiple sclerosis ... The disease has not grown to the point where [wife] is unable to perform her present employment, but has affected her physically in the past and at present with no tendency to relent. Such affect includes the inability to control her arms and legs. There is no cure for this condition and there is a likelihood that the condition will become worse in the future.

Husband does not dispute this finding. Therefore, we find wife is entitled to maintenance under *McBane v. McBane*, 553 S.W.2d 521 (Mo.App.1977) (grant of nominal maintenance is appropriate in order to allow trial court to retain jurisdiction over dissolution proceeding where evidence shows a physical condition existing at the time of the marriage dissolution has substantial potentiality for preventing the wife from remaining self-supporting). We remand with directions that the award of maintenance be reduced to a nominal amount.

In view of our finding that wife is entitled only to nominal maintenance, husband's point relied upon alleging error in the division of property is deemed moot. The court divided the property in accordance with husband's proposal of what constituted a fair division of property based upon husband's expressed assumption of no award of maintenance. The nominal maintenance award does not alter the characterization of the property division.

■ In his final point relied upon, husband alleges the court erred in ordering him to pay wife $2,000 as attorney's fees and $209.80 for deposition costs. Husband argues the amounts are not reasonable considering the financial resources and conduct of the parties. Such awards are with-

in the discretion of the court. *Henley v. Henley*, 796 S.W.2d 73, 75 (Mo.App.1990). The record does not support a finding that the court abused its broad discretion in determining and awarding attorney's fees for wife or failed to follow the provisions of § 452.355 RSMo Cum.Supp.1990. Point denied.

We affirm the provisions of the decree of dissolution dividing the marital property and award of attorney's fees. We remand with directions to revise the maintenance award. Costs against husband.

CRANDALL, C.J., and PUDLOWSKI, J., concur.