**In re the Marriage of Edward F. KLEIN, Respondent,**

v.

**Savara A. KLEIN, Appellant.**

**No. WD 45396.**

Missouri Court of Appeals, Western District.

Aug. 25, 1992.

Anita I. Rodarte, Kansas City, for appellant.

Gail Berkowitz, Kansas City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Savara Klein appeals the portions of a decree dissolving her marriage to Edward Klein regarding the division of marital property, maintenance and attorney's fees.

The parties were married August 17, 1968. Three children were born of the marriage: Michelle Ann Klein, who was emancipated at the time of trial; Joanna Christine Klein; and Michael Edward Klein. Pursuant to the decree, Savara was awarded custody of Joanna and Michael.

Throughout the marriage Edward was employed as an electrical engineer. At the time of trial, his annual base salary was $57,000. For the previous five years he had received annual bonuses and some overtime pay. In 1988, his annual gross earnings were $85,900; in 1989, $79,200; and in 1990, $80,039. Edward testified that at the time of trial his base monthly net income was $2,832.

Savara Klein was not employed for the first seventeen years of the marriage. At the time of trial she was employed in a full-time position by the Hickman Mills School District as a media clerk. She worked only nine months of the year, but her salary was paid on a twelve-month basis. Her monthly net income was $760. At the time of trial Savara was enrolled in college courses and had taken a computer course to familiarize herself with computers. Af-

ter the parties separated, she was employed for a short time at a department store to supplement her income, but quit because the job proved to be too demanding for her. Her total gross income for this job was $2,226.

The parties had reached an agreement prior to trial regarding child custody and the division of marital property. In the decree the trial court ordered Savara to pay the mortgage on the family residence and Edward was ordered to pay Savara $850 per month as maintenance in gross until the residence was sold. Edward was also ordered to pay monthly child support in the amount of $871.50 for the two children. The child support was subsequently reduced to $561.00 per month due to the emancipation of one of the children in Savara's custody.

Savara now appeals portions of the decree entered by the trial court, alleging three points of error. In her first point, Savara argues that the trial court erred in ordering her to pay the mortgage and all utilities on the family residence.

■ The circuit court is vested with considerable discretion in determining how and in what manner the property and debts should be divided. *Tucker v. Tucker*, 778 S.W.2d 309, 312 (Mo.App.1989) (citation omitted). Section 452.330, RSMo Supp. 1991, requires only a just and equitable division of marital property. *Id.* The decision of the trial court will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Id.* Further, the correctness of the order prescribing the division of marital property is presumed correct and the burden is on the party challenging the division to overcome the presumption. *Bixler v. Bixler*, 810 S.W.2d 95, 100 (Mo.App.1991).

One apparent problem with Savara's argument is that she ignores the applicable standard of review. She would ask this court to ignore the evidence that the trial court had before it and which would support the trial court's decision. Savara points to what she perceives as a gross inequity, that being the requirement that she pay one-half of the mortgage and the utility expenses for the residence, which she claims places an impossible financial burden on her, in light of her very limited income and thus, constitutes a patent abuse of discretion.

■ It is clear from the record that the evidence was sufficient to support the decision of the trial court. Both parties presented evidence concerning their respective incomes and ability to pay. There is no dispute that Edward has greater earnings than Savara. However, the evidence also demonstrated that he has assumed greater marital indebtedness than her. Also, the evidence would support a finding that Savara has a present ability to increase her income by obtaining employment for the three months that she is not employed in her present position.

There is no question that the dissolution has placed a significant financial burden on Savara, but that factor alone does not make the decision of the trial court erroneous as to the mortgage. Point one is denied.

In her second point, Savara argues that the trial court erred in denying her request for periodic maintenance and in providing for termination of the award of $850 per month upon sale of the family residence.

■ A trial court is given broad discretion in determining the issue of maintenance. *Harris v. Harris*, 784 S.W.2d 630 (Mo.App.1990). However, where the record establishes an abuse of discretion, an appellate court has authority to enter the judgment that the trial court should have entered. Rule 84.14; *Pemberton v. Pemberton*, 779 S.W.2d 8, 10 (Mo.App.1989).

Section 452.335, RSMo Supp.1991, provides that maintenance may be ordered if a court finds that the party seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the cus-

todian not be required to seek employment outside the home.

2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including: (1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian; (2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment; (3) The comparative earning capacity of each spouse; (4) The standard of living established during the marriage; (5) The obligations and assets, including the marital property apportioned to him and the separate property of each party; (6) The duration of the marriage; (7) The age, and the physical and emotional condition of the spouse seeking maintenance; (8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; (9) The conduct of the parties during the marriage; and (10) Any other relevant factors.

The trial court ordered that the sum of $850 per month be paid to Savara as and for "maintenance-in-gross" until the sale of the home, at which time the payment would terminate. It should be noted that the order was entered prior to the decision of the Missouri Supreme Court in *Cates v. Cates*, 819 S.W.2d 731, 738 (Mo. banc 1991), which held that maintenance-in-gross would no longer be recognized as a tool for providing economic sustenance. However, this has no bearing on the present situation because, even though the trial court labeled its award as "maintenance-in-gross," the nature of the award reveals that to be an incorrect label. The award of $850 per month was not for a definite period of time and not a lump-sum award, characteristic of maintenance-in-gross. What the award more closely resembles is an award of maintenance for a limited duration and will be treated as such for purposes of this appeal.

An order of limited duration maintenance will be affirmed so long as there exists any rational basis to support a trial court's determination of future self-sufficiency. *Bixler*, 810 S.W.2d at 99 (citation omitted). A spouse seeking maintenance has an affirmative duty to seek employment and an award of limited duration is proper if there is at least a reasonable expectation of an impending change in the parties' financial condition, rather than mere speculation as to such a change. *Id.*

The record in the case at bar supports the trial court's award of maintenance in the amount of $850 per month until the sale of the family home to assist in Savara's obligation to pay one-half the monthly mortgage payment on said property. However, it was an abuse of discretion for the trial court to terminate Savara's award of maintenance thereafter. The record reflects that Savara lacks sufficient property to meet her reasonable needs and is further unable to meet those needs at the present time through appropriate employment.

A gross and permanent disparity between the parties' ability to work and earn is a sound reason for an award of maintenance. *In re Marriage of Reed*, 762 S.W.2d 78, 85 (Mo.App.1988). The detrimental effect of the withdrawal of a spouse from the job market to assume the duties of a homemaker which cause the spouse to be unable to provide for his or her reasonable needs is also a sound basis for an award of maintenance. *Michael v. Michael*, 791 S.W.2d 772, 775 (Mo.App.1990); *In re Marriage of May*, 703 S.W.2d 61, 62–63 (Mo.App.1985).

Savara's net monthly income was shown to be $760. She was awarded child support in the amount of $561 per month and her monthly expenses were found to be $1,350

exclusive of any housing obligation. Savara does not have sufficient income or property to meet her reasonable needs while Edward has substantially more income and earning capacity than she. The parties were married for a period of twenty-three years and during the marriage Savara concentrated her efforts as a homemaker. Furthermore, Savara has recently experienced serious health problems, although her health does not prevent her from gainful employment at the present time.

The award of $850 per month for a limited duration was supported by the evidence and is therefore affirmed. However, we find that Savara is entitled to maintenance in the amount of $250 per month to be effective and payable from and after the first day of the month following the termination of Edward's obligation to pay the sum of $850 per month as maintenance under the terms of the trial court's decree.[1]

In her final point, Savara argues that the trial court erred in denying her request for attorney's fees.

Savara recognizes that the trial court is vested with broad discretion in ordering payment of attorney's fees. *Bushhammer v. Bushhammer*, 816 S.W.2d 271 (Mo.App.1991) (citation omitted). The general rule is that each party must bear his or her own costs of litigation. *Id.*

The trial court found that neither party had the ability to pay attorney's fees. There has been no showing that any deviation from the general rule is warranted. The record reflects no abuse of discretion by the trial court. Point three is denied.

The judgment of the trial court is modified to provide that Savara is entitled to receive maintenance in the amount of $850 per month in accordance with the terms of the trial court's decree until the marital home is sold and thereafter the sum of $250 in maintenance payable on the first day of each month after the termination of said $850 per month obligation.

All concur.

---

1. In determining the amount of maintenance to which Savara is entitled, we take into consideration the fact that she has the ability to increase her income by securing employment for the three month period that she is not obligated in her present position.