Richard Andrew Berry, II, Clayton, Donna Aronoff Smith, St. Louis, for appellant.

Edward M. Vokoun, St. Louis, for respondent-employer.

Jeremiah W. (Jay) Nixon, Atty. Gen., Beverly E. Temple, Asst. Atty. Gen., St. Louis, for Second Injury Fund.

Before SMITH, P.J., and GARY M. GAERTNER and RHODES, JJ.

Susan Ann ZLATIC, Respondent,

v.

Robert ZLATIC, Appellant.

No. 66037.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1995.

Alan W. Cohen, St. Louis, for appellant.

Mark D. Seigel, Jerome S. Kraus, St. Louis, for respondent.

RONNIE L. WHITE, Special Judge.

Robert Zlatic appeals the trial court's decree dissolving his marriage to Susan Ann Zlatic, contending the trial court erred in its division of marital property and award of maintenance. The decree is modified and affirmed as modified.

Husband and wife were married approximately eighteen years. During the marriage, wife cared for the family home and the couple's four children. For the last six years

of the marriage, wife also owned and operated a business out of the home called "Crowded House Ceramics and Fine Gifts" (Crowded House). Wife earned approximately $8,875 in the year preceding the dissolution. Husband grossed approximately $3,071.13 a month from his job at the U.S. Post Office.

In the decree of dissolution, the trial court granted primary physical custody of the couple's four children to wife and ordered husband to pay $926 a month for child support and $500 a month for maintenance. Wife was awarded the family home, valued at $90,000, and was ordered to take over the outstanding indebtedness on the home in the amount of $43,021. Wife was also awarded Crowded House and a 1990 Dodge Caravan, valued at $8,525. Wife was ordered to pay the outstanding indebtedness on the Dodge Caravan in the amount of $3,907. Husband was awarded a 1983 Pontiac Wagon with a value of $1,000, the couple's Pioneer II Mutual Fund with a value of $4,573, and his United States Postal Retirement with a value of $25,139. Also, other marital property of lessor value was divided.

■ The standard of appellate review in a court-tried case requires this court to affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Husband first argues the trial court abused its discretion by awarding a disproportionate share of the marital property to wife. In dividing marital property, the trial court is required to make an equitable division, not necessarily an equal division. *May v. May*, 801 S.W.2d 728, 733 (Mo.App.E.D. 1990). Describing the award in terms of percentage of marital assets is not meaningful unless considered together with the nature and extent of the property to be divided. *Id.* at 734.

A consideration of the nature and extent of the award of marital property is revealing. Wife was awarded the house which had a gross value of $90,000 and mortgages totalling $43,021, which wife was ordered to assume. Similarly, the Dodge Caravan had an outstanding debt of approximately $3,907 which wife was ordered to assume. The other asset was wife's business, Crowded House. At the dissolution proceeding, wife and her accountant both testified they did not believe there was a ready market to buy a business like Crowded House. Wife further testified the equipment itself was in need of repair and had very little value. Husband offered no evidence as to the value of Crowded House.

The division of the marital property made by the trial court is supported by the record. It takes into full account the economic circumstances of the parties and the desirability of awarding the family home to wife who has custody of the couple's four children. *Mika v. Mika*, 728 S.W.2d 280, 284 (Mo.App.E.D. 1987). The trial court calculated wife's monthly income from Crowded House as $730.59. The substantial part of the marital property awarded to her is non-income producing, is burdened with debt, and carries the potential for maintenance expense. *May*, 801 S.W.2d at 734. Moreover, in conjunction with his request to have physical custody of the children, husband requested the court award him the house. Regarding the Dodge Caravan, husband requested the vehicle be awarded to the parent who retained custody of the children. Thus, husband's own testimony is evidence the award of the house and Dodge Caravan to wife was reasonable. *Henley v. Henley*, 796 S.W.2d 73, 75 (Mo.App.E.D.1990). Considering all of these factors, we find the award of the family home, the Dodge Caravan, and Crowded House to wife and the approximately equal division of the remainder of the marital property was not unreasonable and did not constitute an abuse of discretion. Point denied.

■ In his second point on appeal, husband contends the trial court erred by awarding any maintenance payments, as wife failed to meet the statutory threshold requirements and, therefore, did not qualify for maintenance. In his third point on appeal, husband argues if this court finds a need for maintenance does exist then the trial court's award of maintenance was excessive because

the award is beyond his ability to pay. We address these two points together.

■ Awards of maintenance are matters resting within the broad discretion of the trial court; we review such awards only for an abuse of discretion. *Jung v. Jung,* 886 S.W.2d 737, 740 (Mo.App.E.D.1994). Section 452.335 RSMo 1994 requires a spouse seeking maintenance to meet two statutory threshold requirements: (1) the spouse must lack sufficient property, including marital property apportioned to him and her; and (2) the spouse must be unable to support himself or herself through appropriate employment. "The recipient spouse is not required to deplete his or her share of the marital property awarded in the dissolution proceeding before being entitled to maintenance." *Id.*

The trial court deemed wife capable of earning $739.59 per month on her own and determined she required monthly maintenance payments of $500 to meet her reasonable needs. Of the marital property awarded to wife, less than $1,000 was liquid. Wife's employment income is exceeded by her expenses. The substantial part of the marital property awarded to her is non-income producing, is burdened with debt, and may require maintenance. It is apparent wife has met the threshold requirements of need and is entitled to maintenance. We now turn to the question of whether the award of maintenance was excessive.

■ "The trial court is vested with substantial discretion in awarding maintenance, but is not required to meet all of the needs of the spouse receiving the award." *Squires v. Squires,* 734 S.W.2d 613, 614 (Mo.App.W.D. 1987). In determining the amount of maintenance, the trial court is required to consider all relevant factors, including the ability of the spouse from whom maintenance is sought to meet his own needs while paying the amount ordered. § 452.335.2(8). "An award of maintenance should not exceed the hus-

band's capacity to provide." *Squires,* 734 S.W.2d at 614.

■ After reviewing the record and considering the statutory factors, this court finds the trial court abused its discretion in awarding excessive maintenance. The trial court determined husband's gross monthly income was $3,071.13. Because he can no longer claim the four children as dependents for income tax purposes, his income after taxes is approximately $2,455 per month.[1] Husband contends payment for his retirement pension further reduces his take-home pay to $2,220 per month.[2] Wife does not contest this figure. Paying out $926 in child support and $500 in maintenance leaves husband with only $794 per month. Husband's rent and utilities alone require $572 per month. It is apparent husband cannot afford to pay monthly maintenance of $500 and have sufficient funds available to provide for his reasonable needs.

This court is obligated to enter the judgment which should have been entered by the trial court. *Id.* The portion of the decree awarding the wife monthly maintenance of $500 is modified by reducing the amount to $200 a month.

The decree is modified and affirmed as modified.

REINHARD, P.J., and KAROHL, J., concur.

---

**1.** The trial court made no determination regarding who shall claim the children as dependents. The present general rule is the primary custodial parent is entitled to the income tax exemption for dependent children, 26 U.S.C.A. § 152(e), unless there is a court order to the contrary. *Hoffman v. Hoffman,* 870 S.W.2d 480, 484 (Mo.App.E.D. 1994).

**2.** As a postal worker, husband does not pay social security.