**Norman B. HEFTI,**
**Petitioner-Respondent,**

v.

**Patricia A. HEFTI,**
**Respondent-Appellant.**

No. 48086.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 16, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

John B. Gray, Clayton, for respondent-appellant.

W. Scott Pollard, Florissant, for petitioner-respondent.

PUDLOWSKI, Judge.

This appeal involves a dissolution of marriage. Patricia A. Hefti appeals from a judgment prospectively terminating on June 17, 1987 maintenance ordered to be paid by respondent, Norman B. Hefti, and from the order dividing marital property of the parties. We reverse and modify.

The parties in this appeal had been married for 27 years. They have two children, both deemed by the trial court to be emancipated. Conduct of the parties during the marriage is not an issue on appeal. A recitation of facts is limited to evidence bearing on the economic consequences of the dissolution.

Respondent has a B.S. degree in mechanical engineering. He had been employed by McDonnell-Douglas Corporation since shortly after his marriage. At the time of trial his salary was in excess of $45,000.00 per year. He receives a raise each December. His most recent increase was $546.00 per month.

In addition to his salary, respondent was provided insurance, including medical and dental coverages and other substantial fringe benefits through his employment. The annual value of all these benefits provided by McDonnell-Douglas to respondent at no cost was $19,885.

Appellant is a small woman. She is not capable of heavy physical labor. In addition to her household duties, appellant began working in 1972 at a school cafeteria. Beginning in 1978 she also began working in a drive-in theater as well as the school cafeteria. For some months she would work both jobs. She earned $3.50 per hour. At her husband's urging she took a job at an indoor theater to insure that she would have a summer job at the outdoor theater. She was laid off her cafeteria job in October 1981 and placed on a substitute list but never called back. At the time of the trial, appellant was a part-time sales clerk at Kresge's earning $3.50 per hour.

In its order, the trial court found that appellant required and respondent was able

to pay $625 per month in maintenance. The court ordered the maintenance payments terminated prospectively on June 17, 1987. Additionally, the court found there should be a near equal division of the marital property. It then ordered a division of the marital property which was in fact substantially equal. Appellant received various items of property having a value of $60,919, including the family home. Respondent received property valued at $62,806.

However, the trial court failed to dispose of respondents's vested interest in the McDonnell-Douglas Pension Plan, which had a vested value at the time of trial of $32,723. The vested interest was payable in a lump sum if death occurred prior to retirement. Otherwise, respondent will receive a lifetime monthly pension at retirement of $954.97. Appellant's after trial motion requested the court divide the pension plan. The motion was denied.

Appellant duly appealed to this court from the portion of the decree prospectively terminating maintenance and from the failure of the court to divide the vested pension rights. Appellant's motion to remand was sustained and this court thereupon issued its mandate requiring the trial court to exhaust jurisdiction by fully dividing and allocating marital property including respondent's pension plan.

The trial court then issued its final judgment on November 15, 1983 fully disposing of all the marital property by setting apart to respondent the entire $32,723 vested interest while letting stand the previous order equally dividing all other marital property of the parties.

■ Appellant contends the court abused its discretion in prospectively terminating her maintenance award on June 17, 1987. Appellant argues there was no substantial evidence to support a finding that she would be able to support herself at that point in time and thereafter. We are required to sustain the trial court's decree unless there is no substantial evidence to support it. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Our Supreme Court has recently held that under Section 452.355.2 RSMo 1978, "[i]t is no longer open to question that the trial court is empowered to decree maintenance as payable indefinitely, or for a period of limited duration." *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800 (Mo. banc 1983). Therefore, the court's order prospectively terminating maintenance must stand unless it is based on mere speculation and not upon an evidentiary basis of a change of financial conditions of the parties.

■ In resolving this issue, we note the trend today is to encourage spouses to become self-sufficient. "Justice does not require provision of support to a spouse who is or may be prepared to become self-supporting." *Doerflinger* at 800. Nevertheless, maintenance should not be prospectively decreased or terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future.

■ Examination of the record reveals no such evidence. The trial court determined appellant required $625 per month maintenance. At trial, appellant was employed part-time at $3.50 per hour. Her employment was consistent with the menial type employment for which she was qualified and which she had held over the years. The trial court found that appellant "will be unable to be self supporting for a period of years." Nothing in the record justifies a finding that appellant would be able to secure better employment. The trial court's decree prospectively terminating the maintenance is reversed and vacated.

■ Appellant further contends the trial court abused its discretion in its division of marital property by awarding respondent the entire vested interest in the pension plan presently valued at $32,723. It is always a difficult task for the trial court to follow the mandate of § 452.330, to make the property division just and equitable, having regard for the statutory factors to be taken into consideration. In its disposition of property, the trial court attempted to arrive at an equal division of assets between both parties. With this goal in

mind, we conclude the award of the entire interest in the vested pension plan to respondent was not just.

■ To arrive at an equal division of property, which was the trial court's intent, we follow the precedent established by this court in *Alvino v. Alvino,* 659 S.W.2d 266 (Mo.App.1983). To avoid some of the problems inherent in lump-sum awards, the court may instead fashion its decree to award the non-employee spouse a proportionate share of the retirement payments if, as, and when the employee spouse actually begins receiving payments. Therefore, we modify the trial court's decree with respect to the pension plan and award appellant one-half present value interest in the plan payable if, as, and when respondent actually begins receiving payments.

The decree prospectively terminating maintenance is reversed. The decree awarding respondent the entire pension is modified to award appellant a one-half present value interest therein.

CRIST, P.J., and SIMON, J., concur.