Rosemary HAHN, Plaintiff–Appellant,

v.

Robert Eugene HAHN,
Defendant–Respondent.

No. 52508.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 17, 1987.

Eric Charles Harris, Flat River, for plaintiff-appellant.

Maurice B. Graham, Fredericktown, for defendant-respondent.

DOWD, Judge.

Plaintiff, Rosemary Hahn, appeals from the order entered by the trial court denying her request for permanent maintenance and failing to award her a greater share of the marital property. We find no error and affirm the judgment of the trial court.

The parties were married on August 12, 1951 in Flat River, Missouri. All four daughters of the marriage are now emancipated. The testimony indicates that both parties have been continuously employed throughout their thirty-five year marriage. Plaintiff, a fifty-six year old woman, received her Bachelor's degree in business education from Central Methodist College in 1951 and completed her Masters in education from Southern Illinois University in 1969. Plaintiff is presently employed as a librarian and her contract for the school year of 1986–87 provides for a gross salary of $23,805.00. She is a certified teacher by the State of Missouri and is tenured in her present position. Defendant, a fifty-seven year old man, received his Bachelor's degree in education from Southeast Missouri State University in 1951 and has completed thirty graduate hours at Southern Illinois University. He is employed in a managerial position with the United States Postal Service and his annual salary is $58,000.00.

The trial court awarded plaintiff 53% and defendant 47% of the marital property. Included in the $320,036.52 sum of marital property is both parties' retirement benefits. The trial court awarded plaintiff $3,000.00 in attorneys' fees and ordered defendant to pay all marital debts and court costs.

Our scope of review in a court tried case is to uphold the judgment of the trial court if the trial court's findings are supported by substantial evidence and are not against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Furthermore, the trial court's findings must not erroneously declare the law or apply the law. *Id.*

Plaintiff in her first point on appeal contends the trial court abused its discretion and erred by denying her permanent maintenance. Plaintiff argues she lacks sufficient property, income and marital property to provide for her reasonable needs and to maintain herself in her accustomed standard of living.

■ Our review is limited to a determination of whether the trial court abused its discretion. *Hogan v. Hogan,* 651 S.W.2d 585, 587 (Mo.App.1983). According to § 452.335.1, RSMo 1986, maintenance may be awarded if a spouse lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and is unable to support herself through appropriate employment. *Moseley v. Moseley,* 642 S.W.2d 953, 958 (Mo.App. 1982).

As previously stated, plaintiff is a certified, tenured teacher in the Central School District in Flat River, Missouri. All of her daughters are emancipated, and so she supports no dependants. She is in reasonably good health. Plaintiff is debt free and her contract for the 1986–87 school year provides for a gross salary of $23,805.00. In addition to her salary, plaintiff owns nonmarital property in the form of a joint money market account valued at $11,-000.00.

■ The trial court awarded plaintiff 53% of the marital property. Part of the marital property awarded to her was the marital home free from debt, the household furnishings and appliances, a 1982 automobile, two IRA Retirement Funds valued at $10,000.00 and $8,000.00, and her Missouri Teachers Retirement Plan. Excluding the retirement benefits of the parties, plaintiff received 83% of the marital property. Plaintiff, therefore, possesses sufficient property, including the marital property apportioned to her, to provide for her reasonable needs. Although plaintiff argues the trial court erred by failing to apportion to her enough marital property to maintain her standard of living established during the marriage, we have defined reasonable needs as not automatically equaling the standard of living established during the marriage. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 857 (Mo.App.1977).

In addition to having sufficient property to provide for her reasonable needs, plaintiff is gainfully employed and her salary is sufficient to support herself. The trial court did not abuse its discretion by denying plaintiff's request for permanent maintenance. Point one is denied.

Plaintiff in her second point contends the trial court abused its discretion and erred by not awarding her a greater portion of the marital estate.

In our review we proceed on the presumption that the trial court considered all the evidence, including plaintiff's needs and defendant's misconduct, when dividing the marital property. Section 452.330 RSMo 1986 requires the trial court to make the property division just and equitable in light of the particular circumstances of the parties and the statutory factors to be taken into consideration. *In re Marriage of Strelow,* 581 S.W.2d 426, 429–30 (Mo.App.1979). The trial court is vested with broad discretion in dividing the marital property, and its order will be affirmed unless there is no substantial evidence to support it or it appears from the record that the trial court erred or abused its discretion in prescribing such division. *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65, 68 (Mo.App.1984); *Strelow, supra,* at 429–30.

██ The record in this case does not justify our disturbing the trial court's distribution of the marital property. The trial court awarded plaintiff 83% of the marital property excluding both parties, retirement benefits. A careful review of the evidence shows that the trial court considered the relative conduct of the parties during the marriage in the division of the marital property. Although the trial court found that defendant engaged in certain misconduct by improperly associating with another woman, the court found his conduct to have occurred primarily since the separation of the parties and not to have been flagrant. The trial court did not find that defendant's conduct placed undue marital burdens upon plaintiff, and therefore, divided the marital property in accordance with this finding. We conclude the record fails to demonstrate an abuse of discretion by the trial court in its division of the marital property. Point two is denied.

For the foregoing reasons, we affirm the judgment of the trial court.

SATZ, C.J., and CRANDALL, J., concur.