**In re the Marriage of Carlon M.
PURSIFULL, Respondent,**

v.

**Arnold Gene PURSIFULL, Appellant.**

**No. 56401.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 12, 1989.

GARY M. GAERTNER, Presiding Judge.

Husband appeals from a decree of dissolution of marriage entered in the Circuit Court of Jefferson County. He attacks the division of property and the award of child support. We affirm.

The Pursifulls were married on February 7, 1964, and separated in September of 1987. Five children were born of the marriage, three of whom were unemancipated at the time of trial.[1] Wife filed her petition for dissolution of marriage on September 18, 1987. The trial court, on February 8, 1989, dissolved the marriage, divided the marital property and made an award of child support. This appeal followed.

In bench tried cases, the court of appeals defers to the trial court's determination of witness credibility, *Mika v. Mika*, 728 S.W.2d 280, 281 (Mo.App., E.D.1987) and we affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 281–82.

Husband's first point of appeal is that the trial court erred in its division of the marital property. The main item of marital property was the family home. In its order, the trial court found that the family home had a value of sixty-five thousand dollars ($65,000.00). This would account for over fifty percent of the marital property.

Husband argues that, by awarding the home to the wife without providing him any equity interest, the trial court awarded 85% of the marital property to wife. Even if this is true, the distribution is equitable. The law does not require an equal division of the property, it requires only that the division be just. *Goldberg v. Goldberg*, 691 S.W.2d 317, 321 (Mo.App., E.D.1985). The evidence shows that wife has a net income of about one hundred dollars a week. Appellant, however, earned an average annual salary of $38,425.00 from 1985–1987. The economic circumstances of the parties, therefore, support a distribution favoring

Herbert A. Kasten Jr., Ste. Genevieve, for appellant.

David J. Barton, Clayton, for respondent.

---

1. At the time of trial the unemancipated children were seventeen, nine and eight.

the wife. *See* RSMo § 452.330.1 (1986); *Brown v. Brown*, 664 S.W.2d 268, 269 (Mo. App., E.D.1984). In addition, where children are involved, Missouri law instructs the court to consider the desirability of awarding the family home to the custodial spouse. RSMo § 452.330 (1986); *see also Mika* 728 S.W.2d at 284; *Brown* 664 S.W.2d at 269.

Husband next contends that the court erred in awarding child support in the sum of sixty five ($65.00) dollars per week per child for a total of one hundred ninety five dollars ($195.00) per week. Husband argues that the amount is against the weight of the evidence.

■ Determination of the proper amount of child support is to be made in conformity with RSMo § 452.340 (1986). This requires that the trial court carefully balance the needs of the children and the ability of the charged spouse to pay. *Wynn v. Wynn*, 738 S.W.2d 915, 919 (Mo.App., E.D.1987). The amount of child support rests within the sound discretion of the trial court and will not be disturbed unless the evidence is palpably insufficient to support it. *In Re Marriage of DMS*, 648 S.W.2d 609, 612 (Mo.App., W.D.1983). We find no such insufficiency here.

■ From the time the parties separated up to the time of trial, husband paid wife, without a court order requiring him to do so, between one hundred and eighty dollars ($180.00) and three hundred dollars ($300.00) per week to pay bills and for child support. Over this period of time, wife was able to save thirty seven hundred dollars ($3,700.00). Husband argues that this demonstrates that the trial court's order of one hundred ninety five dollars per week is in excess of her needs and an abuse of discretion.

The evidence reveals, however, that the family home is in need of repair. Reasonable anticipated expenses may be considered by the trial court in awarding child support. *Goodwin v. Goodwin*, 746 S.W.2d 124, 127 (Mo.App., S.D.1988). The trial court may also have found that the bulk of wife's savings came in the earlier part of the separation when husband's pay-

ments were as much as three hundred dollars per week. In addition, husband's gross salary in 1987 of $37,295.00 would support an award in excess of $195.00 under the child support guidelines as set forth in the preface to Mo. cases 735–736 S.W.2d XL. Affirmed.

REINHARD and CRIST, JJ., concur.