**Carolyn MAY,
Appellant/Cross–Respondent,**

v.

**William Leroy MAY,
Respondent/Cross–Appellant.**

Nos. 57220, 57222.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 23, 1991.

Theodore S. Schechter, Clayton, for appellant/cross-respondent.

Irving L. Cooper, Lisa C. Toarmina, Clayton, for respondent/cross-appellant.

CRANE, Judge.

Both parties to this dissolution of marriage action appeal. They challenge the financial provisions of the decree involving maintenance, child support, the division of marital property, and attorney's fees. We remove the time limitation on maintenance and add college tuition and expenses to the child support obligations. We affirm as so modified.

William Leroy May [husband] and Carolyn May [wife] were married on September 10, 1960. Two children were born of the marriage, one of whom was still a minor at the time of trial. Wife filed a petition for dissolution of marriage on March 12, 1986. The action was tried on seven days in 1988. The court entered its Findings of Fact, Conclusions of Law and Order dissolving the marriage on May 15, 1990, and granted wife custody of their minor daughter. Wife was awarded non-modifiable maintenance in the amount of $1,250.00 per month for a period of 60 months and $350.00 per month as child support. Wife was awarded the family home, valued at $127,500.00, and

was ordered to take over the outstanding indebtedness on the home in the amount of $32,321.75. Each party was awarded one-half of husband's retirement, pension and profit-sharing plans. Other marital property was more or less evenly divided. Husband was ordered to pay wife's attorney's fees and expenses in the amount of $19,-562.40 and court costs. This appeal followed.

Wife objects to the trial court's decree on four grounds: 1) that the award of maintenance was improperly limited to five years; 2) that the amount of maintenance was insufficient to meet her reasonable expenses; 3) that the amount of child support was inadequate; and 4) that the testimony of wife's expert witnesses was impermissibly restricted. Husband argues that the trial court erred in 1) failing to set apart certain separate property, 2) awarding wife an excessive amount of marital property, 3) ordering him to pay wife's attorney's fees, and 4) in failing to make the award to wife of an interest in husband's pension plan sufficiently specific to be enforceable.

### Wife's Appeal

Wife first argues that the trial court erred in limiting maintenance to a period of five years. We agree.

The court has broad discretion in determining the amount and the duration of maintenance pursuant to § 452.335 RSMo (Supp.1988). Our review is limited to determining whether the trial court has abused its discretion. *Hahn v. Hahn,* 739 S.W.2d 763, 764 (Mo.App.1987). "[A] decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial condition of the parties." *Burbes v. Burbes,* 739 S.W.2d 582, 584 (Mo.App.1987). At a minimum there must be substantial evidence to support a reasonable expectation that such a change will occur. *Harper v. Harper,* 764 S.W.2d 480, 481 (Mo.App.1989); *Pemberton v. Pemberton,* 756 S.W.2d 660, 662 (Mo.App.1988). Maintenance should not be prospectively terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be mark-

edly different in the future. *Hefti v. Hefti,* 682 S.W.2d 65, 67 (Mo.App.1984).

At the time of the trial, wife was forty-nine years old. She had married at age 20, after completing her junior year of college, and received a bachelor of arts degree at age 42. She had only eight months paid employment experience during the twenty-nine year marriage. She had a long history of professional treatment for a personality disorder and depression. Her treating psychiatrist testified that, although she would encourage wife to get a job, wife would not be able to hold a job successfully, given her depression and personality problems which required long term therapy to reverse.

After considering this evidence the trial court found:

> ... [W]hile [Wife] may be unable to support herself through appropriate employment and lacks sufficient property, including marital property apportioned to her, as set out herein, to provide for her reasonable needs, at least at the present, there remains certain rays of hope for the future.

The trial court noted that the psychiatrist testified that she would encourage wife to acquire a job and that a vocational expert called by husband testified that wife would be "employable" in areas in which she had expressed an interest. Based on this evidence, the court further found:

> The Court finds that while, during the present on-going crisis, and probably for sometime to come, the [Wife] will not function normally, that sometime in the future she will have to find it within herself to seek and sustain full time employment.

There was no evidence of a reasonable probability that wife's psychiatric problems would be sufficiently resolved five years from the date of the decree to allow her to sustain full time employment. *See Harper v. Harper,* 764 S.W.2d 480, 481 (Mo.App.1989). There was no evidence of any impending change. Maintenance awards cannot be based on mere speculation as to the future condition of the spouse. *Howard v. Howard,* 764 S.W.2d

169, 171 (Mo.App.1989). Such speculation constitutes an abuse of discretion. *Burbes, supra,* 739 S.W.2d at 584. We find that the trial court erred in awarding limited maintenance. We reverse this order and enter the order which should have been entered by the trial court. *Id.* at 585. Maintenance shall continue unless and until a proceeding for modification is brought and a change deemed appropriate under § 452.370 RSMo (Supp.1988). Rule 84.14.

Wife next asserts that the amount of maintenance ordered was insufficient to meet her reasonable needs and that husband was able to pay a higher award. Wife was awarded the sum of $1,250.00 per month. Wife originally contended at trial that her reasonable needs were $7,430.93 per month. As a result of evidence and admissions at trial, she has now reduced this figure to $2,927.26 per month. Husband's net monthly income after taxes and social security is $4,656.00. His personal monthly expenses are $1,753.00 plus $963.00 for his daughter's college tuition and room and board and $350.00 for child support.

A trial judge has substantial discretion in awarding maintenance and is not required to meet all the needs of the spouse receiving the award. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 828 (Mo. banc 1984). Section 452.335 does not require the trial court to meet every need of the spouse receiving maintenance, even where the husband has adequate resources to provide a greater portion of the wife's needs than the court has ordered. *Rasmussen v. Rasmussen,* 627 S.W.2d 117, 120 (Mo.App.1982). The maintenance award of $1,250.00 per month was within the broad discretion of the trial judge. Wife's second point is denied.

For her third point wife asserts that the trial court's award of $350.00 per month child support is insufficient. Wife was awarded custody of the couple's minor child who was a full time college student in Texas at the time of trial. She lived with wife approximately five months per year during school vacations. Husband paid her college tuition and expenses in the amount of $963.00 per month. He has represented in his brief that he continues to pay those expenses.

Wife originally requested child support in the amount of $1,775.64 per month. In her brief she now states that she reasonably needs $459.00 per month for the five months her daughter is at home and $919.40 per month for the seven months her daughter is at school. Husband responds that the $919.40 should not be awarded to the wife because he is paying the daughter's college expenses.

Assuming he is paying those expenses, the award of $350.00 per month child support is clearly adequate and within the trial court's discretion. *Coit v. Coit,* 778 S.W.2d 344, 346 (Mo.App.1989).

Although husband has undertaken the obligation to pay for his daughter's college expenses, this obligation is not set out in the decree. We therefore enter the order the trial court should have entered. *Burbes, supra,* 739 S.W.2d at 585. We modify the decree under Rule 84.14 to provide as follows:

> Respondent shall pay for the minor child all college tuition and room and board, said sum to total no less than $963.00 per month; said sums to be paid directly to the educational institution when due.

See, *Toomey v. Toomey,* 636 S.W.2d 313, 315–16 (Mo. banc 1982), *cert. denied,* 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 955 (1983).

For her fourth point wife contends that the trial court erred in disallowing the testimony of certain expert witnesses and restricting the testimony of other experts to factual observations. On June 2, 1988, five days prior to the first trial setting of June 7, 1988, wife filed her Second Amended Supplemental Answers to Interrogatories, in which she disclosed the names of nine additional individuals she intended to call as expert witnesses.

Husband filed a motion to quash the Second Amended Supplemental Answers and for an order denying the witnesses named therein the right to testify on the grounds that wife's answers were untimely

under Rule 57.01(a) and Rule 32.6 of the Rules of Court of the Twenty–First Judicial Circuit.

On June 6, 1988, the presiding judge of the circuit heard these motions and ordered 1) that any doctor whose name had been disclosed prior to the filing of the Second Amended Supplemental Answers would be allowed to testify as an expert witness 2) that all doctors named for the first time in the Second Amended Supplemental Answers would be allowed to testify as fact witnesses, but not as expert witnesses and 3) that all other persons designated in the Second Amended Supplemental Answers not be allowed to testify as experts. On June 10, wife filed a motion to set aside this order on the grounds that the trial had been continued until June 15 and because her late disclosure had been justified by recent changes in her health. This motion was denied by the trial judge on June 13, 1988. Wife appeals from the June 6 and June 13 orders.

■ Pretrial orders excluding evidence, as each of these orders is, are not definitive. They are interlocutory in nature and preserve nothing for appellate review. *Robbins v. Jewish Hospital of St. Louis*, 663 S.W.2d 341, 348 (Mo.App.1983). In order to preserve any error in the exclusion of evidence, wife was required to make an offer of proof at trial. *Id.* "A trial court cannot be convicted of error unless evidence or testimony is offered by a party but refused by the trial court. After such refusal, appellant has the burden of making an offer of proof that demonstrates that relevant and admissible evidence was improperly excluded." *Turner v. Fuqua Homes, Inc.*, 742 S.W.2d 603, 613 (Mo.App. 1987).

■ An objection to the exclusion of testimony cannot be considered on appeal in the absence of a showing of what the testimony would have been and that it was relevant and mattered. *Wood v. Wood*, 709 S.W.2d 143, 146 (Mo.App.1986). In *Ellis v. Union Elec. Co.*, 729 S.W.2d 71 (Mo.App. 1987), to which both parties refer in arguing this point on the merits, the error complained of was the action of the trial court

in overruling a trial objection to testimony. Thus the error in that case was preserved.

We do not find in the record before us that wife ever made any offer of proof relating to the excluded expert witnesses at trial. Wife's fourth point is denied.

### Husband's Appeal

For his first point, husband claims the trial court erred in not setting apart to him all items he claims as separate property. In his argument he specifically refers to a 1982 Buick Le Sabre which he testified he received as a gift from his aunts. The court treated the Buick as marital property and awarded the Buick to him as marital property.

■ The parties had two automobiles, a 1982 Nissan and the 1982 Buick. On her exhibits, wife listed the Nissan as her separate property and the Buick as marital property. On his exhibits, husband listed the Buick as his separate property and the Nissan as marital property. The court found both automobiles to be marital property and awarded the Nissan to wife and the Buick to husband. The trial court acted well within its discretion in so characterizing the property and making this division.

Moreover, husband makes no claim that he was injured or that his share in the property was decreased by the characterization of the Buick as marital property. Since husband was in fact awarded the automobile and shows no prejudice resulting from the characterization of the automobile as marital, his point has no merit. *Rasmussen, supra*, 627 S.W.2d at 121. Husband's Point I is denied.

For his second point husband asserts that the trial court abused its discretion in dividing the marital property. Specifically he claims that the property was unfairly divided in that wife was given 75% of the marital assets.

■ The trial court is vested with considerable discretion in dividing marital property. *Dardick v. Dardick*, 670 S.W.2d 865 (Mo. banc 1984). Divisions of property must be equitable, not necessarily equal.

*Ware v. Ware,* 647 S.W.2d 582, 584 (Mo. App.1983). A seventy-five percent award of marital assets to the wife is not a *per se* abuse of discretion. *See, e.g., Dardick, supra,* at 689; *Buchheit v. Buchheit,* 768 S.W.2d 641, 642 (Mo.App.1989); *Cook v. Cook,* 706 S.W.2d 606, 607–08 (Mo.App. 1986). Describing the award in terms of a percentage of marital assets is not meaningful unless considered together with the nature and extent of the property to be divided. *Klenke v. Klenke,* 742 S.W.2d 621, 623 (Mo.App.1987).

 A consideration of the nature and extent of the award of marital property is revealing. Wife was awarded the house which had a net value of $95,178.25 and a mortgage of $32,321.75, which wife was ordered to assume. At trial husband asked that the home be awarded to wife and that she be ordered to pay its outstanding debt. The other substantial marital asset was husband's interest in his pension and employee benefit plans. The court divided this interest evenly between the parties. Of the remaining miscellaneous marital property, husband was awarded assets valued at $5,458.33 and wife was awarded assets valued at $4,143.57.

The division of the marital property made by the trial court is amply supported by the record. It takes into full account the economic circumstances of the parties, *Mika v. Mika,* 728 S.W.2d 280, 283 (Mo. App.1987) and the desirability of awarding the family home to an unemployed wife who has custody of a minor child. *Mueller v. Mueller,* 782 S.W.2d 445, 447 (Mo.App. 1990); *Pursifull v. Pursifull,* 781 S.W.2d 262, 264 (Mo.App.1989). The husband requested the home be awarded to wife, along with a substantial debt. This in itself is evidence the award was reasonable. *Henley v. Henley,* 796 S.W.2d 73 (Mo.App. 1990). Moreover, along with the debt, the house carries the potential for maintenance expense. The fact that it is a non-income producing asset is also important. *Mueller, supra,* 782 S.W.2d at 447. Husband was earning $75,000 per year and wife was unemployed. Husband's net monthly income amounted to more than his expenses,

maintenance and child support. Considering all of these factors, we find that the award of the family home to wife and the almost equal division of the remainder of the marital property was not so unreasonable as to constitute an abuse of discretion. *Dardick, supra,* 670 S.W.2d at 869–70; *Mueller, supra,* 782 S.W.2d at 447; *Pursifull, supra,* 781 S.W.2d at 263–64. Husband's Point II is denied.

For his third point husband claims the trial court abused its discretion by ordering him to pay attorney's fees and expenses incurred by wife in the amount of $19,-562.42. Initially we note this point is insufficient in that it does not state why the trial court erred. Rule 84.04(d). In his argument husband claims that the amount of the bill was unreasonably high and he should not have been required to pay attorney's fees because of the substantial amount of marital property awarded to wife.

 The award of attorney's fees is within the sound discretion of the trial court and will not be overturned absent a manifest abuse of discretion. *Ederle v. Ederle,* 741 S.W.2d 883, 885 (Mo.App.1987). The award was authorized under Section 452.355 RSMo (Supp.1988), which requires the fees to be reasonable. The file was open from March 12, 1986 to May 15, 1989. The hearing was on eight separate days over a period of a year. The transcript exceeds 1000 pages. The trial judge, who would have been familiar with the activity in the file and the time and quality of the representation, was in the best position to determine the reasonableness of the fees. The trial judge is considered expert in the necessity, reasonableness and value of attorney's services. *Heineman v. Heineman,* 768 S.W.2d 130, 142 (Mo.App.1989). We find no abuse of discretion regarding the amount of attorney's fees awarded.

 Likewise there was no abuse of discretion in requiring husband to pay the attorney's fees. The trial court's award is supported by the record and takes all relevant factors into account. The record shows husband's greater ability to pay, which is sufficient to support an award of

attorney's fees. *Ederle, supra*, 741 S.W.2d at 885. Of the marital property awarded to wife, only $2,143.57 was liquid. She has no employment income. The substantial part of the marital property awarded to her is non-income producing, is burdened with a mortgage and may require maintenance. Considering all of the relevant factors and all of the evidence, the award was within the discretion of the trial court. *Probstein v. Probstein*, 767 S.W.2d 71, 74 (Mo.App. 1989).

■ For his final point, husband contends that the court's decree granting wife a one-half interest in his employee benefit plans is vague because it did not state the exact amount or percent of the benefits she was to receive, did not specify when wife should receive the benefits or how her one-half interest should be calculated. He claims the decree is unenforceable because it does not provide that wife is to receive her benefits "if, as and when" Husband receives his benefits, citing *Hefti, supra*, 682 S.W.2d at 68. This point has no merit.

The award to wife of a one-half interest is precisely made. It reads as follows:

| Item | Value |
|---|---|
| RETIREMENT, PENSION AND/OR PROFIT SHARING PLANS | |
| * One-half (½) of Monsanto Company Salaried Employee's Pension Plan—fully vested—$1,985.32/month as of 6/1/88 | 52,807.05 |
| * One-half (½) of Monsanto Company Savings and Investment Plan—fully vested—fixed income account of $9,487.81 plus 401.8142 common shares as of 4/30/88 (includes interest from May 1, 1988 through June 15, 1988 on $9,487.81 compounded at 8.25% annually or $98.05) (as of 6/13/88) | 22,044.82 |
| * One-half (½) of Monsanto Company Payroll Related Employee Stock Ownership Plan—fully vested—71.195 common shares as of 5/17/88 | 3,056.75 |

* * *

* **The Court shall, pursuant to § 452.330.5, V.A.M.S., retain jurisdiction for the purpose of establishing and/or maintaining this order as a qualified domestic relations order pursuant to the U.S. Internal Revenue Code, or to revise or conform its terms so as to effectuate the express intent of this order.**

---

The use of the "if, as and when" language is not mandatory. We used it in *Hefti* to modify a decree in which we divided pension benefits not presently payable as marital property. This was one of the alternative methods of dividing retirement benefits suggested in *Kuchta v. Kuchta*, 636 S.W.2d 663, 666 (Mo. banc 1982), which described this alternative as follows:

> Another solution would be to establish a certain portion of the retirement benefits to be paid to the non-working spouse if and when the working spouse retires and begins to receive them.

However, since these cases were decided, another alternative procedure has been created in the form of a qualified domestic relations order (QDRO) under the Retirement Equity Act of 1984, Pub.L. No. 98–397, 98 Stat. 1426, codified in 29 U.S.C. § 1056(d) and 26 U.S.C. § 414(p) and recognized in § 452.330.5 RSMo (Supp.1988). The decree specifically provides that this award is intended to be a qualified domestic relations order and that the court retains jurisdiction to give effect to this intent pursuant to § 452.330.5 RSMo (Supp. 1988). Under that section QDRO's are modifiable for the purpose of "establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of order."

The Retirement Equity Act of 1984 amended ERISA and the Internal Revenue Code, which previously prohibited assignment of benefits, to allow such assignment to an "alternate payee" pursuant to a QDRO. Under a QDRO the "alternate payee" may only receive benefits in the manner, form and the time available to the

participant.[1] 29 U.S.C. § 1056(d)(3)(D); 26 U.S.C. § 414(p)(3). The payment is made to the "alternate payee" directly by the plan in accordance with its terms.

Thus the "if, as and when" language we used in *Hefti* to order a spouse to pay over a percentage of his pension benefits "if, as and when" he received them is unnecessary when the benefits are to be paid pursuant to a QDRO by the plan itself according to its terms. All of the questions raised by husband about how and when wife could receive benefits are governed by the terms of his benefit plans and the Retirement Equity Act.

We note that the current order is not in the form required by the federal statutes, but husband has not challenged this and wife has indicated that a "final" QDRO is to be filed in the future. In any event the trial court has retained jurisdiction of the order for the purpose of maintaining or establishing it as a QDRO so all issues relating to conforming the order to qualify as a QDRO should be addressed to the trial court. Husband's fourth point is denied.

The judgment of the circuit court is affirmed as modified.

REINHARD, P.J., and STEPHAN, J., concur.

---

1. The sole exception pertains to the payments which may be made on or after the date the participant attains the earliest retirement age.

29 U.S.C. § 1056(d)(3)(E); 26 U.S.C. § 414(p)(4).