In re Marriage of Judith A. THOMAS and Stanley R. Thomas, III.

Judith A. THOMAS, Petitioner/Appellant,

v.

Stanley R. THOMAS, III, Respondent/Respondent.

No. 59976.

Missouri Court of Appeals, Eastern District, Division One.

March 3, 1992.

James Brian Ashwell, Daniel P. Card, II, Love, Lacks & Paule, Clayton, for petitioner/appellant.

Clyde C. Farris, Jr., Gary S. Wolfe, Lashly & Baer, St. Louis, for respondent/respondent.

CRANE, Judge.

Wife appeals from a decree of dissolution of marriage which divided marital property and awarded child custody, child support, maintenance for one year, and attorney's fees. She challenges the one year limitation on maintenance. We reverse and remand.

Judith A. Thomas [wife] and Stanley R. Thomas III [husband] were married on March 25, 1967. Two children were born of the marriage, one of whom was still a minor at the time of trial. Wife filed a petition for dissolution of marriage on May 11, 1988. The trial court entered its Findings of Fact, Conclusions of Law and Order dissolving the marriage on February 25, 1991. The court awarded the parties joint legal and physical custody of their minor daughter, ordered husband to pay $814 per month as child support, divided the marital property, and ordered husband to pay wife $650.00 per month as non-modifiable maintenance for twelve months and a portion of her attorney's fees.

Wife challenges the one year limitation on the award of maintenance and contends that the court erred in making certain findings underlying that award. The trial court has broad discretion in determining the amount and the duration of maintenance pursuant to § 452.335 RSMo (Supp.1991). Our review is limited to determining whether the trial court has abused its discretion. *Hahn v. Hahn,* 739 S.W.2d 763, 764 (Mo.App.1987). "[A] decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial conditions of the parties." *Burbes v. Burbes,* 739 S.W.2d 582, 584 (Mo.App.1987). At a minimum there must be substantial evidence to support a reasonable expectation that such a change will occur. *Harper v. Harper,* 764 S.W.2d 480, 481 (Mo.App.1989); *Pemberton v. Pemberton,* 756 S.W.2d 660, 662 (Mo.App.1988). Maintenance should not be prospectively terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future. *May v. May,* 801 S.W.2d 728, 731 (Mo.App.1990); *Hefti v. Hefti,* 682 S.W.2d 65, 67 (Mo.App.1984).

At the time of trial, wife was employed full time as an instructor at the Bryan Institute where she trains students to be medical office assistants. She was earning $7.00 per hour. Her 1990 earnings were $9,211.74. Prior to working at the Bryan Institute, she worked as a medical office assistant part-time for eleven years with her highest pay being $9.36 per hour. She has never earned more than $14,000 to $15,000 per year. Wife has a Bachelor of Science degree in special education, awarded in 1967.

After considering this evidence, the trial court found with respect to wife:

Petitioner lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs.

\* \* \* \* \* \*

Petitioner is able to support herself through appropriate employment.

\* \* \* \* \* \*

Petitioner is presently earning $7.00 per hour for forty hours per week. For-

merly, she earned $9.00 per hour and worked part-time about twenty hours per week. She worked part-time for a Dr. Cunningham from 1979 until she was discharged in October 1990, and Petitioner had refused full-time employment from Dr. Cunningham in the past. Respondent did not request Petitioner to stay home and not seek gainful employment. The Parties youngest child is currently eighteen years of age, and, therefore, Petitioner has not needed to stay home with minor children for the last eleven or twelve years. Petitioner has a B.S. degree, and is capable of employment paying much more than her current salary. There is no medical reason that Petitioner cannot work on a full-time basis.

The court then awarded wife non-modifiable maintenance in the amount of $650 per month for twelve months.

Wife contends that there was no substantial evidence in the record of an impending change in the parties' financial circumstances or a reasonable expectation of an increase in wife's earning ability and that the court's findings that she could make a substantial salary, support herself, and that no medical reason prevented her from full time work were not supported by the evidence and were erroneous because the court allegedly adopted findings prepared by husband's attorney.

At the outset we note that a trial court's adoption of proposed findings of fact prepared by a party's counsel is not *per se* erroneous. *Ederle v. Ederle*, 741 S.W.2d 883, 884–85 (Mo.App.1987). Thus our inquiry is limited to whether or not the decree is supported by substantial evidence, is against the weight of the evidence, and whether it erroneously declares or applies the law. *Id.* at 885.

We agree that there was no evidence in the record to support a finding of an impending change in the financial condition of the parties or of a reasonable expectation that wife's financial condition would improve in one year or that wife was capable of earning a higher salary. At the time of trial she was employed full-time, teaching

students to be medical office assistants. This position utilizes her education degree and her eleven years experience as a medical office assistant. Thus wife is using her training and experience in appropriate full-time employment. The only evidence that she could make a higher salary was the fact that she had once made $9.36 an hour, but that was in a part-time capacity, and there was no evidence that she could currently make that amount. There was no evidence that wife was likely to advance substantially in her present occupation. *Burbes*, 739 S.W.2d at 585. Although she holds a degree in special education, it is a twenty-four year old out-of-state degree, she has never taught in the field, she has no Missouri teaching certificate, and no evidence was developed that wife could qualify for a teaching certificate. *See Clark v. Clark*, 801 S.W.2d 95, 98 (Mo.App. 1990). Further, there was no evidence of the range of salary wife could expect if she was able to obtain a certificate. There was no evidence that this degree would qualify her for a position superior to the one which she presently holds. *Finney v. Finney*, 760 S.W.2d 619, 620 (Mo.App.1988).

Wife's situation is different from the situation in which a dependant spouse with specialized training or a degree contends she is unemployable. In *Bixler v. Bixler*, 810 S.W.2d 95, 99 (Mo.App.1991), we held that the evidence was sufficient to support a reasonable probability that wife could secure employment within one and one-half years where wife was a college graduate holding a current teaching certificate, had full-time teaching experience and had taught as a substitute teacher during the two years prior to trial. In *Sansone v. Sansone*, 615 S.W.2d 670, 671 (Mo.App. 1981), we held that the evidence was sufficient to support a reasonable probability that wife could have employment within a year where there was evidence that wife was a trained real estate appraiser and that there was a market for real estate appraisers. In *Russo v. Russo*, 760 S.W.2d 621, 624 (Mo.App.1988), we held the evidence sufficiently established a rational basis to support the determination of future self-

sufficiency where wife was educated, had twenty years work experience and both she and a vocational expert testified that wife could obtain self-supporting employment after taking a training course. In the present case, however, wife is already using her education and experience in appropriate employment and there was no evidence to support a rational basis for a determination that she would make substantially more in the future.

Just as there is no evidence wife's means will increase, there is nothing in the record to indicate that husband's means will decrease. Husband is a college graduate and vice-president of the company by which he is employed. The trial court found he earns a gross salary of $65,000 per year and has the use of a company car. Where the evidence indicates that the dependent spouse's financial prospects will not improve materially in the future and that the means of the spouse providing maintenance are not likely to decrease substantially, the trial court abuses its discretion when it speculates that the original maintenance award will no longer be required in the future. *Burbes*, 739 S.W.2d at 584.

Wife also contends that the trial court erred in its findings that wife was capable of supporting herself and that no medical condition prevented her from working full time. To the extent that the finding that wife was capable of supporting herself was based on the trial court's conclusion that she was capable of employment paying "much more" than she currently makes, it is not supported by the evidence.

However, the trial court's finding that there is no medical reason that wife cannot work full time is supported by the evidence. Wife claims that she has certain medical and psychiatric conditions that impair her ability to work full-time. Wife's primary medical complaint was that she suffers from fibromyalgia, a condition which causes pain throughout the body, fatigue, and lack of endurance and stamina. The medical evidence concerning the nature and extent of wife's medical problems and whether they would limit her ability to work was highly disputed. With respect to the fibromyalgia, wife's internist

testified the condition would prevent her from working full-time because of the pain associated with it. The physician who examined her on behalf of husband testified that he could not find a physical basis for wife's pain and that from a medical standpoint wife was capable of working full-time as an office assistant. The evidence did not establish that wife's other medical and psychiatric conditions prevented her from full-time employment. Moreover, at the time of trial wife had been working full-time approximately three months and had only missed three hours for illness. The record does not clearly establish wife's future inability to work full-time. *Bathon v. Bathon*, 741 S.W.2d 100, 102 (Mo.App. 1987). The trial court's finding is supported by the evidence and is not against the weight of the evidence.

While we have often simply reversed awards of limited maintenance, or modified the award to remove the limitation, we believe the trial court in this case may have been influenced in the amount of its award by the fact that the award was for a limited duration. Thus we remand the case to the trial court for a redetermination of the amount of maintenance. *Pemberton*, 756 S.W.2d at 663.

Reversed and remanded.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.