**Eric L. ZILLNER, Respondent,**

v.

**Luz Gloria ZILLNER, Appellant.**

**No. WD 47965.**

Missouri Court of Appeals,
Western District.

May 3, 1994.

Kathleen Matthews, Kansas City, for appellant.

Paul R. Mudd, Independence, for respondent.

Before KENNEDY, P.J., and BERREY and ELLIS, JJ.

KENNEDY, Presiding Judge.

Wife appeals from the maintenance and property division terms of a dissolution decree.

### MAINTENANCE

The court awarded wife $300 per month maintenance for 24 months, the maintenance award to be non-modifiable. At the end of the 24 months, maintenance would terminate. Wife complains the $300 per month award is too low, and that, in any event, it should not terminate at the end of 24 months.

Husband is employed as a welder for Armco and has income of $3,600 per month gross wages, with $400–450 per week take-home pay. His expenses are approximately $1,100 per month.

Wife is unemployed. In 1988–89, she served 16 months in prison for illegal sale of amphetamines. During her incarceration, husband commenced an extra-marital affair with another woman. The parties separated in 1992, and husband moved into the other woman's house.

Wife is 55 years old, with a seventh grade education and marginal skills. She has worked part-time for her daughter in her daughter's retail store. She has been a bartender. During the 19–year marriage (1973–1992) she did not work outside the home. She would like to be an interpreter for Spanish-speaking people, but it would require two years college attendance for her to learn to read and write Spanish (she can now only speak Spanish) at a cost of at least $2,500 per year. Her prospects for qualifying as a Federal interpreter at $40 per hour seem somewhat unrealistic. She has long standing health problems, some of which seem to be caused by having lost one kidney. These health problems disable her from some of the jobs she might otherwise perform. Wife says she can earn from $300 to $400 per month. Husband in his brief says, in defending the $300–per–month maintenance award, that "... the court could easily have determined that [wife] was capable of earning $700 to $800 per month."

Wife computes her monthly expenses at $1,568. This includes a home mortgage payment of $233 per month. It includes medical insurance premiums of $190 per month, plus prescription drugs amounting to $445 per year. Medical insurance is available through her husband's employer, Armco, for only three years; after that time she is uninsurable.

■ We will not convict the court of error in the $300–per–month maintenance award. The court was not required to accept wife's testimony about the amount of income she could earn, and about the extent of her disability. Neither was the court required to accept wife's assessment of her needs, nor to award maintenance which would meet all her needs. *Stoerkel v. Stoerkel*, 711 S.W.2d 594 (Mo.App.1986). The $300–per–month award is within the allowable discretionary range, although a higher award would certainly be sustainable. *Van Skike v. Van Skike*, 858 S.W.2d 779, 780 (Mo.App.1993); *In re Marriage of Vinson*, 839 S.W.2d 38, 43 (Mo.App. 1992).

■ There is, however, no ground for limiting the maintenance award to 24 months. *May v. May*, 801 S.W.2d 728, 731 (Mo.App. 1990); *Burbes v. Burbes*, 739 S.W.2d 582, 584 (Mo.App.1987). There is no evidence wife's situation will improve at that point. *Pemberton v. Pemberton*, 756 S.W.2d 660, 662 (Mo. App.1988). Perhaps the trial court had in mind wife's testimony that she could become an interpreter with two years' college training, and could then earn $40 per hour for free-lance work. Wife's plan is unrealistic, and, if she does qualify as an interpreter, her earnings from that employment are speculative. Wife herself suggested maintenance for a ten-year period. At that time, she would qualify for social security. The social security would be on her own account, and would be minimal, according to her testimony. Upon her husband's retirement, she could draw larger social security on his account.

### PROPERTY DIVISION

■ Wife complains that the property division did not comply with section 452.330, RSMo Supp.1992, relating to division of marital property.

The court awarded to husband the following:

| Marital Property | Value Assigned |
| --- | --- |
| 401–K Fund | $10,600.00 |
| Dean Witter Municipal Trust Fund | $ 8,041.58 |
| Anchor Security Life Ins. Policy | $ 480.00 |
| 1983 Chevrolet Suburban | $ 250.00 |
| Gun Club Membership | $ 2,000.00 |
| Grave Sites | $ 1,500.00 |
| | $22,871.58 |

To the wife, the court awarded the following:

| Marital Property | Value Assigned |
| --- | --- |
| Marital home | $34,750.00 |
| 1986 Chevrolet Suburban | $ 3,250.00 |
| | $38,000.00 |

The court ordered the husband to pay marital debts totalling $6,956.52, and wife was ordered to assume the $11,000 mortgage on the residence she received. Net of the debts, the husband received $15,415.06, and the wife received $27,000.00

There was also awarded to wife one-half the husband's Armco Retirement Plan. The plan, as of the date of the dissolution, would pay husband $587.23 per month upon his retirement at age 65. Husband was 45 years old at the time of the dissolution. Husband was required to pay $700 of wife's attorney's fee.

The property division was clearly within the trial court's discretion, and wife's charge of error in the husband's favor and to her prejudice is meritless. *May v. May,* 801 S.W.2d 728, 731 (Mo.App.1990); *Dardick v. Dardick,* 670 S.W.2d 865 (Mo. banc 1984).

The trial court's judgment is affirmed, except its provision that maintenance is non-modifiable and will terminate after 24 months. Maintenance will be modifiable and will terminate instead after 120 months. The case is remanded for the entry of a new judgment in accordance with these directions.

All concur.