Jimmie Leroy OFFIELD, Respondent,

v.

Nancy Evelyn OFFIELD, Appellant.

No. WD 53593.

Missouri Court of Appeals, Western District.

Nov. 18, 1997.

Roger Driskill, Liberty, for Appellant.

David Lodwick, Excelsior Springs, for Respondent.

SPINDEN, Judge.

Nancy Offield appeals the circuit court's judgment in which it set aside an amended Qualified Domestic Relations Order (QDRO) more than a year after it was entered so it could reinstate an original QDRO. We reverse the circuit court's judgment.

When the circuit court dissolved the Offields' marriage on August 31, 1993, it entered a QDRO which should have reflected the property settlement which gave Nancy Offield "½ QDRO" of the "Central States Pension Fund" earned by Jimmie Offield during the marriage. Believing that the QDRO required clarification to comply with the Retirement Equity Act of 1984,[1] Nancy Offield prepared an amended QDRO and asked Jimmie Offield on September 8, 1993, to comment or to make suggestions. Apparently, he did not respond.

Nancy Offield submitted the amended QDRO to the administrator of Jimmie Offield's pension plan on April 29, 1994. The administrator opined that the amended QDRO was "defective" in several respects, including not designating a payee, not setting the number of payments or the period to which the order applied, and not designating a surviving spouse benefit.

Nancy Offield revised the amended QDRO and sent it to the administrator again on March 9, 1995, for approval. She sent a copy to Jimmie Offield. The administrator approved the revised QDRO on May 16, 1995, and, on June 29, 1995, Nancy Offield sent a copy of it to the circuit court and to Jimmie Offield. She asked her former husband to make any objection he had within five days. The record does not indicate that he objected. The circuit court entered the amended QDRO on July 3, 1995.

On July 26, 1995, the pension plan administrator told Jimmie Offield that the amended QDRO complied as "qualified" and, unless Jimmie Offield objected within 60 days, the pension plan would comply with the QDRO's terms and begin paying Nancy Offield. The record does not indicate that Jimmie Offield objected within 60 days.

In November 1995, someone—the record does not reflect who—requested a hearing before the circuit court to resolve a dispute over the terms of the amended QDRO. Neither party had made any motions requesting vacation of the amended QDRO or reinstatement of the original QDRO. The circuit court convened a hearing on July 2, 1996. The circuit court requested the parties to submit all documents pertaining to the controversy.

On October 15, 1996, the circuit court entered findings of fact that the July 3, 1995, amended QDRO "materially changed the benefits set forth in the original order and a hearing should have been held prior to the entry of the amended order." The circuit court set aside the amended QDRO and reinstated the QDRO entered on August 31, 1993. The circuit court based its jurisdiction to enter the ruling on "Section 452.330.5 to maintain the order as a QDRO and to revise or conform its terms so as to effectuate the expressed intent of the order."

■ Nancy Offield contends that the circuit court did not have jurisdiction to set aside the amended QDRO. She contends that the circuit court erroneously relied on § 452.330.5 to vacate the amended QDRO because that statute permits the court to modify a QDRO only to establish or to maintain a QDRO's "qualified" status. We agree and reverse the order of the circuit court vacating the amended QDRO and reinstating the original QDRO.

Section 452.330.5 says:

The court's order as it affects distribution of marital property shall be a final order not subject to modification; provid-

---

1. The Retirement Equity Act of 1984 permits a qualified domestic relations order under 29 U.S.C. § 1056(d)(3) to avoid the general prohibition against the assignment or alienation of pension benefits. A QDRO may enforce a non-plan participant's right to "child support, alimony payments, or marital property rights" previously granted by "any judgment, decree, or order (including approval of a property settlement agreement)." 29 U.S.C. § 1056(d)(3)(B)(ii) (Supp. 1997).

ed, however, that orders intended to be qualified domestic relations orders affecting pension, profit sharing and stock bonus plans pursuant to the U.S. Internal Revenue Code shall be modifiable only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of order.

The statute granted the circuit court jurisdiction to enter the second QDRO filed by Nancy Offield "for the purpose of establishing or maintaining the order as a qualified domestic relations order[.]" We find nothing in the statute authorizing the circuit court to do the reverse—to quash a QDRO and replace it with a domestic relations order which is not qualified.

Although intended to be a qualified domestic relations order, the original domestic relations order was never "qualified." The original QDRO did not contain even the clarified language of the first amended QDRO, a version which was rejected as "defective" and not qualified by the pension plan administrator. To qualify the QDRO, Nancy Offield had to revise its language a second time, and it was this second version which the pension plan administrator accepted as "qualified." By reinstating the original domestic relations order, the circuit court, in effect, invalidated the order's "qualified" status. We find nothing in § 452.330.5 which permits this.

■ Section 452.330.5 grants the circuit court continuing jurisdiction to establish, to maintain, or to revise a QDRO to ensure that it is qualified. The circuit court, therefore, should not have vacated the amended QDRO but should have considered the parties' evidence disputing the effect of the amended QDRO entered as compared with the court's decree and should have modified the amended QDRO if necessary. *May v. May*, 801 S.W.2d 728, 736 (Mo.App.1990). We, therefore, reverse the circuit court's judgment and remand for further proceedings.

ULRICH, C.J., P.J., and HOWARD, J., concur.